Jahan C. Sagafi (Cal. Bar No. 224887)
Molly J. Frandsen (Cal. Bar No. 320094)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Tel: (415) 638-8800
Fax: (415) 638-8810
Email: jsagafi@outtengolden.com
Email: mfrandsen@outtengolden.com

Melissa L. Stewart*
Julio Sharp-Wasserman*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
Email: mstewart@outtengolden.com
Email: jsharp-wasserman@outtengolden.com
*pro hac vice motion forthcoming

*Attorneys for Plaintiffs and Proposed Class
and Collective Members*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR KAYED, JESUS PRADO, and SPENCER CARR, individually and on behalf of all others similarly situated, | Case No.: 23-CV-3728 |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| ODOO, INC. and Odoo, S.A., | |
| Defendants. | |

Plaintiffs Omar Kayed, Jesus Prado, and Spencer Carr ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys Outten & Golden LLP, complaining of the conduct of Defendants Odoo, S.A. and Odoo, Inc. (collectively, "Odoo"), allege as follows:

## **INTRODUCTION**

1.      This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiffs and similarly situated co-workers who have worked as exempt-classified inside salespeople at Odoo nationwide, in the job titles of Account Executive, Account Manager, Channel Account Manager, Customer Success Manager, and other similar positions, however variously titled (collectively, "Sales Representatives").

2.      Odoo is a business management software company with approximately 10 offices around the world.  Its main United States office is in San Francisco, California.

3.      Odoo sells software to business clients worldwide.  Odoo employs Sales Representatives, such as Plaintiffs, to make sales to current and prospective clients.

4.      Odoo requires its Sales Representatives to meet daunting productivity requirements, including multiple monthly sales quotas, forcing Plaintiffs and similarly situated employees to work long hours, often in excess of 8 hours per workday and 40 hours per workweek in order to complete required tasks.

5.      While employed by Odoo, Plaintiffs consistently worked more than 8 hours per day and more than 40 hours per workweek without receiving overtime compensation for all the hours they worked.  Throughout the relevant period, it was Odoo's policy to deprive Plaintiffs of their earned overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the California Labor Code ("Cal. Lab. Code") and applicable Wage Orders and regulations, and the California Unfair Business Practices Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (collectively, the "California Wage Laws" and "California Wage Claims"); and the New York Labor Law, Article 6, §§ 190 et seq. and Article 19, §§ 650 et seq. ("NYLL") and supporting New York State Department of Labor regulations (collectively, the "New York Wage Laws" and "New York Wage Claims").

6.     During the relevant period, it has been Odoo's policy to uniformly classify Sales Representatives, including Plaintiffs, as exempt from federal and state overtime provisions and not to pay Sales Representatives any overtime wages.

7.     The primary duties of Sales Representatives are non-exempt.  These primary inside sales duties do not vary significantly from one Sales Representative to another.

8.     The primary duties of Sales Representatives do not fall under any federal or state law overtime exemption.

9.     Sales Representatives have worked overtime hours and are entitled to proper overtime premium compensation for all overtime hours worked.

10.     Plaintiffs bring this action on behalf of themselves and similarly situated employees as a collective action against Odoo under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA")

11.      Plaintiffs seek permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently or have at any time since October 21, 2019, worked for Odoo in the United States as Sales Representatives.

12.     Plaintiffs Kayed and Prado ("California Plaintiffs") also bring this action against Odoo on behalf of themselves and similarly situated California employees who worked for Odoo as a Fed. R. Civ. P. 23 class action under the California Wage Laws.

13.     Plaintiff Carr also brings this action against Odoo on behalf of himself and similarly situated New York employees who worked for Odoo as a Fed. R. Civ. P. 23 class action under the New York Wage Laws.

14.     Plaintiffs Kayed and Prado have provided written notice to the California Labor and Workforce Development Agency ("LWDA") of the legal claims and theories of this case pursuant to Cal Lab. Code § 2699.3.  In accordance with Cal. Lab. Code § 2699.3(a)(2)(A), Plaintiffs will amend this Class and Collective Action Complaint to assert claims pursuant to California's Private Attorneys General Act, Cal. Labor Code §§ 2698 et seq. on behalf of themselves and other current and former employees as well as the general public to recover for violations of the California Labor Code.

15.     By agreement dated October 21, 2022, Odoo agreed to toll the statutes of limitations for FLSA, California Wage Laws, the New York Wage Law, and PAGA claims on behalf of Plaintiffs and similarly situated Sales Representatives from October 21, 2022 to July 27, 2023.

## JURISDICTION & VENUE

16.     This Court has federal question jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

17.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

18.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

19.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Odoo is headquartered in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

20.     Intradistrict assignment:   Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the San Francisco and Oakland Divisions is proper because Odoo is headquartered in San Francisco County and a substantial part of the events that give rise to the claims asserted occurred in San Francisco County.

## THE PARTIES

*Plaintiff Omar Kayed*

21.     Plaintiff Kayed is a resident of Alameda County, California.

22.     Mr. Kayed was employed by Odoo in its San Francisco, California office as an Account Executive from March 2019 to May 2021.

23.     At all times relevant to the Class and Collective Action Complaint, Mr. Kayed was an "employee" within the meaning of all applicable statutes.

24.     Mr. Kayed regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40.   Illustratively, to the best of his recollection, during the second week of April 2019, Plaintiff Kayed worked approximately 20 overtime hours without overtime

compensation.

25.     A written consent form signed by Plaintiff Kayed is attached hereto as Exhibit A.

**_Plaintiff Jesus Prado_**

26.     Plaintiff Prado is a resident of San Mateo County, California.

27.     Mr. Prado was employed by Odoo in its San Francisco, California office as a Customer Success Manager from March 2021 to December 2021.

28.     At all times relevant to the Class and Collective Action Complaint, Mr. Prado was an "employee" within the meaning of all applicable statutes.

29.     Mr. Prado regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40.  Illustratively, to the best of his recollection, during the week of March 22, 2021, Plaintiff Prado worked approximately 15 overtime hours without overtime compensation.

30.     A written consent form signed by Plaintiff Prado is attached hereto as Exhibit B.

**_Plaintiff Spencer Carr_**

31.     Plaintiff Carr is a resident of New York.

32.     Mr. Carr was employed by Odoo in its Buffalo, New York office as an Account Executive from August 2021 to November 2021.

33.     At all times relevant to the Class and Collective Action Complaint, Mr. Prado was an "employee" within the meaning of all applicable statutes.

34.     Mr. Carr regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40.  Illustratively, to the best of his recollection, during the week of September 27, 2021, Plaintiff Carr worked approximately five overtime hours without overtime compensation.

35.     A written consent form signed by Plaintiff Carr is attached hereto as Exhibit C.

**_Defendants_**

36.     Odoo is a single company with offices in various countries, including two United States offices in San Francisco, California and Buffalo, New York.

37.     Upon information and belief, Defendants Odoo, S.A., the Belgian parent entity, and Odoo, Inc., the United States subsidiary, do business jointly under the brand name, trade name, or

mark "Odoo."

38.     Upon information and belief, Odoo, S.A. and Odoo, Inc. have organized their interrelated activities so as to constitute an economic unit directed to the accomplishment of a common business purpose, namely the sale of Odoo's proprietary business applications to customers around the world.

39.     Upon information and belief, Odoo, S.A. and Odoo, Inc. operate in concert, in a common enterprise, and through related activities so that the actions of one may be imputed to the other and/or so that they each act as employers and operate as a single enterprise and/or joint employers within the meaning of the FLSA.

40.     Upon information and belief, Odoo, S.A. and Odoo, Inc. each act directly or indirectly in the interest of the other in relation to Sales Representatives, and Defendants share control of Sales Representatives, directly or indirectly, by reason of the fact that one Defendant controls and/or is controlled by the other Defendant.

41.     Upon information and belief, Odoo, S.A. and Odoo, Inc. jointly hold themselves out as employers of Sales Representatives throughout the United States.

42.     Upon information and belief, Odoo operates a common website for the Belgian parent and subsidiary locations, which Odoo describes on its website as "offices" of Odoo.  Upon information and belief, this website lists officers and directors of both Odoo, S.A. and Odoo, Inc. as members of "The Executive Team."

43.     Applicants can apply to jobs at Odoo from the website and filter by department and location, including to San Francisco, California, Buffalo, New York, and other international locations.

44.     Upon information and belief, Odoo, S.A. and Odoo, Inc. maintain joint control over human resources and compensation policies that apply to Sales Representatives throughout the United States.

45.     Upon information and belief, Odoo distributes a "Survival guide for applying to Odoo" to applicants and a "Survival guide for Odooers" to new hires, including to applicants and new hires in the United States.   The "Survival guide for applying" refers to Odoo, S.A. as "the

company." It states that its headquarters is in Belgium and lists Odoo offices as including offices in the United States. It includes information about Odoo's product and terms and conditions of work like culture and values, management style, career path, and salaries. The "Survival guide for Odooers" refers to the company as "Odoo" and states that its headquarters is in Belgium and lists Odoo offices as including offices in the United States. It also includes information about Odoo's product and terms and conditions of work like culture and values, management style, career path, and salaries, and also provides common human resources policies, as well as specific policies for the United States, Hong Kong, and other offices.

46.     Upon information and belief, Odoo, S.A. and Odoo, Inc. each, directly or indirectly and jointly or severally, directed the terms of employment and compensation of Plaintiffs and other similarly situated current and former Sales Representatives employed by Odoo throughout the United States.

47.     Upon information and belief, Odoo, S.A. and Odoo, Inc. have had the power to control the terms and conditions of the employment and compensation of Plaintiffs and other similarly situated current and former Sales Representatives nationwide, and have shared control over the terms and conditions of Sales Representatives' employment and their compensation.

48.     Upon information and belief, Odoo holds regular all-hands meetings for employees worldwide.

***Defendant Odoo, S.A.***

49.     Odoo, S.A. is a public limited company organized under the laws of Belgium and headquartered in Belgium.

50.     Upon information and belief, Odoo, S.A. is the parent company of defendant Odoo, Inc.

51.     At all relevant times, Odoo, S.A. was Plaintiffs' and other Sales Representatives' "employer" within the meaning of the FLSA and all other applicable statutes.

52.     Upon information and belief, Odoo, S.A. has maintained control, oversight, and direction over its operations and employment practices.

53.     Upon information and belief, Odoo, S.A. maintains control over human resources

and compensation policies that apply to Sales Representatives in the United States.

54.     Upon information and belief, at all relevant times, Odoo, S.A. has maintained control, oversight, and direction over Plaintiffs and other Sales Representatives, including pay structure, overtime exempt status, benefits policies, metrics and expectations for sales performance, work hours, and other employment practices that applied to them.

55.     Upon information and belief, Odoo, S.A has had the power to control the terms and conditions of the employment and compensation of Plaintiffs and other similarly situated current and former Sales Representatives throughout the United States and has controlled the terms and conditions of Sales Representatives' employment and their compensation.

56.     Upon information and belief, Odoo, S.A. dictates and controls labor relations and employment policies and practices in Odoo's California and New York offices, from generally applicable policies, such as the compensation structure and the decision to classify Plaintiffs and Class Members as exempt from overtime, to day-to-day decisions, such as salary increases and the conduct of all-hands meetings.

57.     Upon information and belief, Odoo, S.A. has applied the same employment policies, practices, and procedures to all Sales Representatives throughout the United States, including policies, practices, and procedures with respect to payment of overtime compensation.

58.     Upon information and belief, Odoo, S.A. distributes a "Survival guide for applying to Odoo" to applicants and a "Survival guide for Odooers" to new hires, including to applicants and new hires in the United States.  The "Survival guide for applying" refers to Odoo, S.A. as "the company."  It states that its headquarters is in Belgium and lists Odoo offices as including offices in the United States.  It includes information about Odoo's product and terms and conditions of work like culture and values, management style, career path, and salaries.  The "Survival guide for Odooers" refers to the company as "Odoo" and states that its headquarters is in Belgium and lists Odoo offices as including offices in the United States.  It also includes information about Odoo's product and terms and conditions of work like culture and values, management style, career path, and salaries, and also provides common human resources policies, as well as specific policies for the United States, Hong Kong, and other offices.

59.     Upon information and belief, Chief Executive Officer of Odoo, S.A. Fabien Pinckaers manages Odoo, Inc, and Director of the Americas Fabrice Henrion reports to Pinckaers.

60.     Upon information and belief, Odoo, S.A. holds regular all-hands meetings for its global workforce, including employees in the United States.  Odoo, Inc. additionally holds all-hands meetings for United States employees.  Odoo, S.A. Chief Executive Officer Fabien Pinckaers at times attends and leads United States all-hands meetings.

61.     Upon information and belief, Odoo, S.A. closely monitors sales activity in its United States offices.  Plaintiffs and Class Members created monthly forecasts of their sales activity in Microsoft Excel, which was sent to Belgian headquarters and reviewed by Odoo, S.A.  Plaintiffs and Class Members recorded their individual sales in a single company-wide spreadsheet that included entries from offices in other countries.

62.     Upon information and belief, Odoo, S.A.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

***Defendant Odoo, Inc.***

63.     Odoo, Inc. is a corporation formed under the laws of the State of Delaware with a principal place of business in San Francisco, California.

64.     Upon information and belief, Odoo Inc. is a subsidiary of Defendant Odoo, S.A.

65.     At all relevant times, Odoo, Inc. was Plaintiffs' and other Sales Representatives' "employer" within the meaning of the FLSA and all other applicable statutes.

66.     Upon information and belief, Odoo, Inc. has maintained control, oversight, and direction over operations and employment practices.

67.     Upon information and belief, at all relevant times, Odoo, Inc. maintained control, oversight, and direction over Plaintiffs and other Sales Representatives, including timekeeping, payroll, pay structure, overtime exempt status, benefits policies, metrics and expectations for sales performance, work hours, and other employment practices that applied to them.

68.     Upon information and belief, Odoo, Inc. has had control over the terms and conditions of the employment and compensation of Plaintiffs and other similarly situated current and former Sales Representatives in the United States.

69. Upon information and belief, Odoo, Inc. has control over labor relations and employment policies and practices in Odoo's California and New York offices.

70. Upon information and belief, Odoo, Inc. has applied the same employment policies, practices, and procedures to all Sales Representatives nationwide, including policies, practices, and procedures with respect to payment of overtime compensation.

71. Upon information and belief, Odoo, Inc.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

72. Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Odoo as exempt-classified Sales Representatives nationwide since October 21, 2019 and who elect to opt-in to this action ("FLSA Collective").

73. Upon information and belief, there are hundreds of current and former Sales Representatives who are similarly situated to Plaintiffs and were denied overtime compensation.

74. Plaintiffs are acting on behalf of Odoo's current and former Sales Representatives' interests as well as their own interests in bringing this action.

75. Odoo has unlawfully required Plaintiffs and other individuals employed as Sales Representatives to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked. Upon information and belief, Odoo applied the same unlawful policies and practices to its Sales Representatives nationwide.

76. The FLSA Collective members are readily identifiable and locatable through the use of the Odoo's records. The FLSA Collective should be notified of and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Odoo.

**CALIFORNIA CLASS ALLEGATIONS**

77.     California Plaintiffs bring the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, the California Wage Claims, on their own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All Sales Representatives who are currently or have been employed by Odoo in the State of California at any time since October 21, 2018 through the entry of judgment in this case (hereinafter referred to as the "California Class" and the "California Class Period," respectively).

78.     Excluded from the California Class are Odoo's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Odoo; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

79.     The persons in the California Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Odoo.

80.     Upon information and belief, the size of the California Class is at least 100 individuals.

81.     The Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action are properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).  Common questions of law and fact exist as to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

> a.   Whether Odoo has unlawfully failed to pay the California Class members all overtime compensation owed, in violation of the California Labor Code and related regulations;

> b.   Whether Odoo has unlawfully failed to keep and furnish the California Class members with timely, accurate, and itemized records of hours worked in violation of Cal. Labor Code §§ 226 and 1174;

c.   Whether Odoo has unlawfully failed to timely pay wages due during employment and upon separation in violation of Cal. Labor Code §§ 201, 202, 203, and 204;

d.   Whether Odoo has failed to reimburse the California Class members for reasonable and necessary business expenses in violation of Cal. Labor Code § 2802;

e.   Whether Odoo has violated the California Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200, *et seq.*; and

f.   the nature and extent of the California Class members' injuries and the appropriate measure of their damages.

82.   California Plaintiffs fairly and adequately protect the interests of the California Class and have no interests antagonistic to the class.  California Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

83.   A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the corporate defendant.  The damages sustained by individual class members are small compared to the expense and burden of individual prosecution of this litigation.  Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

84.   Further, California Plaintiffs and the California Class have been equally affected by Odoo's failure to pay proper wages and other violations.  Moreover, members of the California Class still employed by Odoo may be reluctant to raise individual claims for fear of retaliation.

85.   Odoo has acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

86.   California Plaintiffs' claims are typical of those of the California Class.  California Plaintiffs and the other California Class members were subjected to Odoo's policies, practices, programs, procedures, protocols, and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.

87.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.   The members of the California Class have been damaged and are entitled to recovery as a result of Odoo's common and uniform policies, practices, and procedures.   Although the relative damages suffered by individual members of the California Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.   In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Odoo's practices.

## **NEW YORK CLASS ALLEGATIONS**

88.     Plaintiff Carr brings the Eighth, Ninth, and Tenth Causes of Action, the New York Wage Claims, under Rule 23 of the Federal Rules of Civil Procedure, on his own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All Sales Representatives who are currently or have been employed by Odoo in the State of New York at any time since October 21, 2016 through the entry of judgment in this case (hereinafter referred to as the "New York Class" and the "New York Class Period," respectively).

89.     Excluded from the New York Class are Odoo's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Odoo; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who submit timely and otherwise proper requests for exclusion from the New York Class.

90.     The members of the New York Class identified above are so numerous that joinder of all members is impracticable.  Although Plaintiff Carr does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of Odoo.

91.     Upon information and belief, the size of the New York Class is at least 40 individuals.

92.     Odoo has acted or refused to act on grounds generally applicable to the New York Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the New York Class as a whole.

93.     The Eighth, Ninth, and Tenth Causes of Action are properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).  Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

        a.     Whether Odoo violated the New York Wage Laws;

        b.     Whether Odoo failed to properly compensate Plaintiff Carr and the New York Class for all hours worked in excess of 40 hours per workweek;

        c.     Whether Odoo failed to keep true and accurate time records for all hours worked by Plaintiff Carr and the New York Class;

        d.     What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

        e.     Whether Odoo complied with the NYLL's wage statement requirement with respect to Plaintiff Carr and the New York Class;

        f.     Whether Odoo complied with the NYLL's wage notice requirement with respect to Plaintiff Carr and the New York Class

        g.     Whether Odoo failed to provide Plaintiff Carr and the New York Class with accurate wage statements;

        h.     Whether Odoo failed to provide Plaintiff Carr and the New York Class with wage notices upon hire; and

        i.     The nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class.

94.     Plaintiff Carr's claims are typical of the claims of the New York Class he seeks to represent.

95.     Plaintiff Carr and the New York Class members work, or have worked, for Odoo as Sales Representatives and have been subjected to their policy and pattern or practice of failing to

1   pay proper overtime wages for all hours worked in excess of 40 hours per workweek.

2       96.   Plaintiff Carr and the New York Class members work, or have worked, for Odoo as

3   Sales Representatives and have been subjected to their policy and pattern or practice of failing to

4   provide accurate wage statements.

5       97.   Plaintiff Carr and the New York Class members enjoy the same statutory rights

6   under the New York Wage Laws, including the right to be paid overtime wages for all overtime

7   hours worked. Plaintiff Carr and the New York Class members have all sustained similar types of

8   damages as a result of Odoo's failure to comply with the New York Wage Laws. Plaintiff Carr and

9   the New York Class members have all been injured in that Odoo has undercompensated them due

10  to Odoo's common policies, practices, and patterns of conduct.

11      98.   Plaintiff Carr fairly and adequately protects the interests of the New York Class and

12  has no interests antagonistic to the class. Plaintiff Carr is represented by attorneys who are

13  experienced and competent in both class litigation and employment litigation.

14      99.   A class action is superior to other available methods for the fair and efficient

15  adjudication of this litigation – particularly in the context of wage litigation like the present action,

16  where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in

17  federal court against a corporate defendant. The members of the New York Class have been

18  damaged and are entitled to recovery as a result of Odoo's common and uniform policies, practices,

19  and procedures. Although the relative damages suffered by individual members of the New York

20  Class are not de minimis, such damages are small compared to the expense and burden of individual

21  prosecution of this litigation. In addition, class treatment is superior because it will obviate the

22  need for unduly duplicative litigation that might result in inconsistent judgments about Odoo's

23  practices.

24                          **COMMON FACTUAL ALLEGATIONS**

25      100.  Plaintiffs and the members of the FLSA Collective, the California Class, and the

26  New York Class (collectively, "Class Members") have been victims of Odoo's common policy and

27  plan that has violated their rights under the FLSA, the California Wage Laws, and the New York

28  Wage Laws by requiring Sales Representatives to work in excess of 40 hours per week and in

excess of 8 hours per day and denying them overtime compensation for all overtime hours worked. At all times relevant, Odoo's unlawful policy and pattern or practice has been willful.

101.    Odoo employs Sales Representative to sell its software products.

102.    Sales Representatives' primary duties are and were non-exempt duties, specifically, identifying business opportunities, engaging with current and potential customers by phone and email, and making sales of Odoo's software services.

103.    The duties of Plaintiffs and Sales Representatives do not fall under any of the exemptions under federal or state overtime laws.

104.    Sales Representatives do and did not meet customers in person but rather spend virtually all of their time performing inside sales work via phone and email.

105.    Although Plaintiffs and other Sales Representatives are and were eligible to earn commissions based on various performance indicators, these commissions did not constitute most of their earnings.

106.    Throughout their employment, Plaintiffs and Class Members consistently worked more than 40 hours per week and 8 hours per day.

107.    Odoo sets sales quotas and daily, weekly, and monthly productivity metrics for Sales Representatives to meet.

108.    Odoo has disciplined Sales Representatives for failure to meet the required quotas and productivity metrics.

109.    Plaintiffs worked and Sales Representatives worked and work overtime hours to meet Odoo's job requirements, make sales, and attempt to meet the quotas and sales metrics Odoo sets.

110.    Odoo's customers are located in various time zones in the United States and Latin America.   On information and belief, Odoo requires Sales Representatives to schedule sales meetings early in the morning or late at night to accommodate customers' schedules.

111.    All of the work performed by Class Members was assigned by Odoo, and Odoo was aware that Plaintiffs and Class Members worked more than 40 hours per workweek and 8 hours per day, yet Odoo failed to pay them any overtime compensation.

112.   Odoo did not keep accurate record of hours worked by Plaintiffs and Sales Representatives.

113.   Upon information and belief, Odoo has and had a policy and pattern or practice of requiring Plaintiffs and Class Members to work in excess of 8 hours per workday, or 40 hours per week, without proper overtime compensation.

114.   Odoo failed to pay Plaintiffs and failed and fails to pay Class Members time and one-half for all hours worked over 40 in a workweek in violation of the FLSA.

115.   Odoo failed to pay Plaintiffs and failed and fails to pay California Class members compensation for all of their overtime hours worked, including for any of the overtime hours they worked over 8 in a workday and over 40 in a workweek.

116.   Odoo failed to furnish Plaintiffs and failed and fails to furnish California Class members and New York Class members with an accurate itemized statement showing, inter alia, wages, hours worked, and rates paid as required by the California Wage Laws and the New York Wage Laws.

117.   By providing inaccurate wage statements to Plaintiffs, California Class members, and New York Class members, Odoo deprived Plaintiffs, California Class members, and New York Class members of information that could have permitted them to determine the extent of their underpayment.

118.   Odoo failed to furnish Plaintiff Carr and New York Class members with wage notices at the time of their hire, as required by the NYLL, Article 6, § 195(1).

119.   By failing to provide wage notices and/or proper wage notices to Plaintiff Carr and New York Class members while withholding pay for overtime hours worked, Odoo made it more difficult for Plaintiff Carr and New York Class members to confirm that they were being paid accurately and adequately both under applicable law and the terms of their employment with Odoo.

120.   Odoo failed to timely pay California Plaintiffs and California Class members all overtime wages earned and unpaid at the time of separation from employment.

121.   California Plaintiffs and all California Class members who ceased employment with Odoo are entitled to unpaid overtime compensation, but to date have not received such

1    compensation.

2          122.   Odoo failed to timely pay California Plaintiffs and California Class Members all

3    wages due and payable, including overtime, twice during each calendar month, on days designated

4    in advance by the employer as regular pay days.

5          123.   Odoo required California Plaintiffs and required and requires California Class

6    members to use their personal home internet for business purposes and did not reimburse them for

7    a reasonable percentage of their home internet bills.

8          124.   California Plaintiffs' and California Class Members' legal remedies for the conduct

9    challenged herein are inadequate because their equitable claims under the UCL are subject to a

10   four-year statute of limitations, whereas their legal claims under the Labor Code are subject to a

11   three-year statute of limitations.

12         125.   As part of its regular business practice, Odoo has intentionally, willfully, and

13   repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA, the California Wage

14   Laws, and the New York Wage Laws.

15         126.   Odoo's policy and pattern or practice includes but is not limited to:

16                a.     Willfully misclassifying Plaintiffs and Class Members as exempt from the

17   protections of federal and state overtime laws;

18                b.     Willfully failing to record all of the time that its employees, including

19   Plaintiffs and Class Members, worked for the benefit of Odoo;

20                c.     Willfully failing to keep payroll records as required by the FLSA,

21   California Wage Laws, and New York Wage Laws;

22                d.     Willfully failing to pay its employees, including Plaintiffs and Class

23   Members, overtime wages for all of the overtime hours that they worked; and

24                e.     Willfully failing to timely pay wages as required by the California Wage

25   Laws.

26         127.   Odoo was or should have been aware that that the federal and state wage and hour

27   laws required Odoo to pay its Sales Representatives overtime compensation for all hours worked

28   in excess of 40 per week.

128.    Odoo was aware, or should have been aware, that Plaintiffs and other Sales Representatives' primary duties were sales-related tasks, and that these duties do not fall within any overtime exemption under the FLSA or state wage and hour laws.

129.    Plaintiffs sent Odoo a written correspondence on August 25, 2022 regarding Plaintiffs' overtime claims.  Upon information and belief, Odoo did not thereafter change its practice of classifying Sales Representatives as exempt employees.

130.    Odoo's failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith. Odoo did not ensure that its compensation practices with respect to Plaintiffs and other Sales Representatives complied with federal or state law.

131.    Odoo's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**29 U.S.C. §§ 201,** ***et seq.***
**(Brought by Plaintiffs Individually and on Behalf of the FLSA Collective)**

132.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

133.    Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

134.    Odoo employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

135.    Plaintiffs have expressed their consent to make these claims against Odoo by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

136.    Odoo failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

137.    Because Odoo's violations of the FLSA were willful, a three-year statute of

limitations applies, pursuant to 29 U.S.C. § 255.

138.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the FLSA Collective have incurred damages thereby and Odoo is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**California Wage Laws – Overtime Wages**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 510, 1194, 1198**
**(Brought by California Plaintiffs Individually and on Behalf of the California Class)**

139.    California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

140.    California law requires employers, such as Odoo, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per workweek and over 8 per day.

141.    Plaintiffs and California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

142.    At all relevant times, California Plaintiffs and California Class members worked in excess of 40 hours in a workweek and 8 hours in a workday.

143.    At all relevant times, Odoo failed and refused to pay California Plaintiffs and California Class members overtime compensation for all of their overtime hours worked.

144.    As a direct and proximate result of Odoo's unlawful conduct, as set forth herein, California Plaintiffs and California Class members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of Odoo in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

145.    California Plaintiffs and California Class Members' legal remedies for their unpaid overtime wages are inadequate because their equitable claims under the UCL are subject to a four-year statute of limitations, whereas their legal claims under the Labor Code are subject to a three-year statute of limitations.

**THIRD CAUSE OF ACTION**
**California Wage Laws – Record-Keeping Violations**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code § 226**
**(Brought by California Plaintiffs Individually and on Behalf of the California Class)**

146.    California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

147.    Odoo knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, all hours worked, to California Plaintiffs and California Class members in accordance with California Wage Order Nos. 4-2001 and 7-2001 and California Labor Code § 226(a).  Such failure caused injury to California Plaintiffs and California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

148.    Odoo's failure to provide accurate wage statements is "knowing and intentional" under Labor Code § 226(e) because Odoo knows that its wage statements do not accurately report hours worked or accurately report gross and net wages earned.  California Plaintiffs and California Class members suffer injury as a result of Odoo's violation of Labor Code § 226 because California Plaintiffs and California Class members cannot promptly and easily determine from the wage statement alone their hours worked and actual total gross and net wages earned.

149.    California Plaintiffs and California Class members are entitled to and seek injunctive relief requiring Odoo to comply with California Labor Code §§ 226(a) and further seek the amount provided under California Labor Code §§ 226(e) including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee, as well as costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### California Wage Laws – Wage Payment Provisions
### Cal. Lab. Code §§ 201, 202, & 203
### (Brought by California Plaintiffs Individually and on Behalf of the California Class)

150.    California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

151.    California Labor Code §§ 201 and 202 require Odoo to pay its employees all wages due upon termination within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

152.    Odoo's failure to pay timely wages at separation is willful under Labor Code § 203 because Odoo knew or should have known that California Plaintiffs and California Class members worked overtime hours, yet it failed to pay them overtime premiums for the work they performed upon the termination of their employment.

153.    California Plaintiffs and all California Class members who ceased employment with Odoo are entitled to unpaid overtime compensation, but to date have not received such compensation.

154.    More than thirty (30) days have passed since California Plaintiffs and certain California Class members left Odoo's employ.

155.    California Plaintiffs, on behalf of themselves and California Class members, seek waiting time penalties pursuant to California Labor Code § 203, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION
### Failure to Timely Pay Wages by Each Payroll Period, Cal. Labor Code §§ 204, 210,
### (Brought by California Plaintiffs Individually and on Behalf of the California Class)

156.    California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

157.    California Labor Code § 204 requires Odoo to timely pay California Plaintiffs and

1  California Class members "all wages," including their earned overtime premiums by the payroll

2  periods specified by the statute.

3       158.    Odoo's failure to timely pay California Plaintiffs and California Class members their

4  wages earned by each payroll period was and is willful.  Odoo knew or should have known that

5  California Plaintiffs and California Class members were not paid for their overtime hours worked,

6  yet it failed to pay them their earned wages within the payroll periods specified by the statute.

7       159.    California Labor Code § 210(a) provides that employers who fail to pay wages as

8  provided in § 204 are subject to statutory penalties of: (1) one hundred dollars ($100) for each

9  failure to pay each employee for any initial violation; and (2) two hundred dollars ($200) for each

10  failure to pay each employee, plus 25 percent of the amount unlawfully withheld, for each

11  subsequent violation, or any willful or intentional violation.

12       160.    California Plaintiffs, on behalf of themselves and the California Class members,

13  seek penalties pursuant to California Labor Code § 210, attorneys' fees and costs, and such other

14  legal and equitable relief as the Court deems just and proper.

15

16  **SIXTH CAUSE OF ACTION**
**California Wage Laws – Business Expenses**

17  **Cal. Labor Code § 2802; Cal. Wage Order Nos. 4-2001 & 7-2001**
**(Brought by California Plaintiffs Individually and on Behalf of the California Class)**

18

19       161.    California Plaintiffs reallege and incorporate by reference all allegations in all

20  preceding paragraphs.

21       162.    California Labor Code § 2802 provides that "[a]n employer shall indemnify his or

22  her employee for all necessary expenditures or losses incurred by the employee in direct

23  consequence of the discharge of his or her duties."

24       163.    Odoo failed to indemnify and reimburse California Plaintiffs and the California

25  Class members for necessary expenditures, including but not limited to personal home internet use,

26  that they incurred as a direct result of the duties they performed for Odoo's benefit and/or at Odoo's

27  direction.

28       164.    As a result, California Plaintiffs seek unreimbursed expenses, penalties, interest,

1   costs incurred, and attorneys' fees pursuant to California Labor Code § 2802(b).

2   165.   California Plaintiffs and California Class Members' legal remedies for their

3   unreimbursed expenses are inadequate because their equitable claims under the UCL are subject to

4   a four-year statute of limitations, whereas their legal claims under the Labor Code are subject to a

5   three-year statute of limitations.

6

7   **SEVENTH CAUSE OF ACTION**
**California Wage Laws – Unfair Competition**

8   **California Business & Professions Code §§ 17200, *et seq*.**
**(Brought by California Plaintiffs Individually and on Behalf of the California Class)**

9

10  166.   California Plaintiffs reallege and incorporate by reference all allegations in all

11  preceding paragraphs.

12  167.   The foregoing conduct, as alleged, violates the California Unfair Competition Law

13  ("UCL").  The UCL prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair

14  business acts or practices.

15  168.   Odoo committed, and continued to commit, acts of unfair competition, as defined

16  by the UCL, by, among other things, engaging in the acts and practices described herein.  Odoo's

17  conduct as alleged herein has injured California Plaintiffs and California Class members by

18  wrongfully denying them earned wages, and therefore was substantially injurious to them.

19  169.   Odoo engaged in unfair competition in violation of the UCL by violating, inter alia,

20  each of the following laws.  Each of these violations constitutes an independent and separate

21  violation of the UCL:

22          a.   Failure to pay overtime compensation in violation of the FLSA, 29 U.S.C. §§ 201,

23               *et seq.* and Cal. Lab. Code §§ 510, 1194, 1198, and Wage Order Nos. 4-2001 and

24               7-2001;

25          b.   Failure to timely pay wages due to California Plaintiffs and separated California

26               Class members upon termination of employment Cal. Lab. Code §§ 201-203;

27          c.   Failure to timely pay wages due to California Plaintiffs and California Class

28               members by the payroll periods specified by the statute in violation of Cal. Lab.

1       Code § 204;

2          d.  Failure to keep proper payroll records and provide accurate wages statements in

3             violation of Cal. Lab. Code §§ 226, 1174, and Wage Order Nos. 4-2001 and 7-

4             2001;

5          e.  Failure to provide for the reimbursement of California Plaintiffs and California

6             Class members' expenses incurred while carrying out their employment or to

7             comply with Odoo's requirements, in violation of Cal. Lab. Code § 2802 and

8             Wage Order Nos. 4-2001 and 7-2001.

9       170.   Odoo's course of conduct, acts, and practices in violation of the California laws

10  mentioned in the above paragraph constitute a separate and independent violation of the UCL. Odoo's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

13      171.   The unlawful and unfair business practices and acts of Odoo, described above, have injured Plaintiffs and California Class members in that they were wrongfully denied the payment of earned overtime wages.

16      172.   California Plaintiffs, individually and on behalf of the California Class, seek recovery of attorneys' fees and costs of this action to be paid by Odoo, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

19      173.   California Plaintiffs, individually and on behalf of the California Class, seek restitution in the amount of the respective unpaid wages earned and due, including for unpaid overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, or 8 hours in a day, and double the regular rate of pay for work performed in excess of 12 hours per day.

**EIGTH CAUSE OF ACTION**
**New York Wage Laws – Unpaid Overtime**

**NYLL §§ 190, *et seq.*; 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2**

**(Brought by Plaintiff Carr Individually and on Behalf of the New York Class)**

174.    Plaintiff Carr realleges and incorporates by reference all allegations in all preceding paragraphs.

175.    Odoo employed Plaintiff Carr and New York Class members for workweeks longer than 40 hours and willfully failed to compensate Plaintiff Carr and New York Class members for all of their time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of the New York Wage Laws.

176.    By the course of conduct set forth above, Odoo has violated NYLL §§ 190 et seq., id. §§ 650 et seq.; 12 N.Y.C.R.R. Part 142-2.2.

177.    Odoo failed to keep, make, preserve, maintain, and/or furnish accurate records of time worked by Plaintiff Carr and New York Class members.

178.    Odoo has a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiff Carr and New York Class members.

179.    Odoo's failure to pay proper overtime compensation to Plaintiff Carr and New York Class members was willful within the meaning of NYLL §§ 198, 663.

180.    As a direct and proximate result of Odoo's unlawful conduct, as set forth herein, Plaintiff Carr and New York Class members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of Odoo in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**NINTH CAUSE OF ACTION**

**NYLL, Article 6, §§ 190 *et seq.* – Failure to Provide Accurate Wage Statements**
**(Brought by Plaintiff Carr Individually and on Behalf of the New York Class)**

181.    Plaintiff Carr realleges and incorporates by reference herein all allegations in all preceding paragraphs.

182.    On information and belief, Odoo failed to supply Plaintiff Carr and New York Class members with accurate statements of wages as required by NYLL § 195(3), containing, inter alia, all hours worked.  Such failure caused injury to Plaintiffs and New York Class Members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

183.    Due to Odoo's violations of NYLL § 195(3), Plaintiff Carr and New York Class members are each entitled to damages of $250 for each work day that Odoo failed to provide accurate wage statements, or a total of $5,000 per class member, as provided for by NYLL § 198(1-d), reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**TENTH CAUSE OF ACTION**

**NYLL, Article 6, §§ 190 *et seq.* – Failure to Provide Wage Notices**
**(Brought by Plaintiff Carr Individually and on Behalf of the New York Class)**

184.    Plaintiff Carr realleges and incorporates by reference herein all allegations in all preceding paragraphs.

185.    On information and belief, Odoo willfully failed to supply Plaintiff Carr and New York Class members with wage notices and/or with proper wage notices at the time of their hire, as required by the NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing the Plaintiff and New York Class members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the

1   employer; plus such other information as the commissioner deems material and necessary.

2         186.    Through their knowing or intentional failure to provide Plaintiff Carr and New York

3   Class members with proper wage notices required by the NYLL, Odoo has willfully violated

4   NYLL, Article 6, §§ 190, et seq., and the supporting New York State Department of Labor

5   Regulations.

6         187.    Due to Odoo's willful violations of NYLL, Article 6, § 195(1), Plaintiff Carr and

7   New York Class members are entitled to statutory penalties of $50 for each workday that Odoo

8   failed to provide them with wage notices, or up to a total of $5,000, reasonable attorneys' fees,

9   costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

10                        **PRAYER FOR RELIEF**

11        **WHEREFORE**, Plaintiffs, individually and on behalf of the FLSA Collective, request the

12   following relief:

13       A.    Designation of this action as a collective action on behalf of the FLSA Collective

14            and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

15            members of the FLSA Collective, apprising them of the pendency of this action, and

16            permitting them to assert timely FLSA claims in this action by filing individual

17            Consent to Join forms pursuant to 29 U.S.C. § 216(b);

18       B.    An award of damages, according to proof, including liquidated damages, to be paid

19            by Odoo;

20       C.    Appropriate equitable and injunctive relief to remedy violations, including but not

21            necessarily limited to an order enjoining Odoo from continuing its unlawful

22            practices under the FLSA and/or a declaration that Odoo's acts violate the FLSA;

23       D.    A reasonable service award for Plaintiffs to compensate them for the time they

24            spent attempting to recover wages for the FLSA Collective and for the risks they

25            took in doing so;

26       E.    Costs of the action incurred herein;

27       F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

28       G.    Post-judgment interest, as provided by law;

H.      Such other relief as this Court deems necessary, just, and proper.

**WHEREFORE**, California Plaintiffs, individually and on behalf of the California Class, request the following relief:

A.      Certification of this action as a class action on behalf of the California Class;

B.      Designation of California Plaintiffs as Representatives of the California Class they seek to represent;

C.      Designation of California Plaintiffs' counsel of record as Class Counsel for the California Class;

D.      Appropriate statutory penalties;

E.      An award of damages, liquidated damages, and restitution to be paid by Odoo according to proof;

F.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Odoo from continuing its unlawful practices under the California Wage Laws and/or a declaration that Odoo's acts violate the California Wage Laws;

G.      A reasonable service award to compensate California Plaintiffs for the time they spent attempting to recover wages for California Class members and for the risks they took in doing so;

H.      Attorneys' fees and costs of suit;

I.      Prejudgment and post-judgment interest, as provided by law; and

J.      Such other relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiff Carr, individually and on behalf of the New York Class, requests the following relief:

A.      Certification of this action as a class action on behalf of the New York Class;

B.      Designation of Plaintiff Carr as Representative of the New York Class he seeks to represent;

C.      Designation of Plaintiffs' counsel of record as Class Counsel for the New York Class;

D.      Appropriate statutory penalties;

E.      An award of damages, according to proof, including liquidated damages, to be paid by Odoo;

F.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Odoo from continuing its unlawful practices under the New York Wage Laws and/or a declaration that Odoo's acts violate the New York Wage Laws;

K.      A reasonable service award to compensate Plaintiff Carr for the time he spent attempting to recover wages for New York Class members and for the risks they took in doing so;

L.      Attorneys' fees and costs of suit;

M.      Prejudgment and post-judgment interest, as provided by law; and

N.      Such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

*      *      *

Dated: San Francisco, California
July 27, 2023

Respectfully submitted,

By:  */s/ Jahan Sagafi*
         Jahan Sagafi

Jahan C. Sagafi (Cal. Bar No. 224887)
Molly J. Frandsen (Cal. Bar No. 320094)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: jsagafi@outtengolden.com
E-Mail: mfrandsen@outtengolden.com

Melissa L. Stewart
Julio Sharp-Wasserman
OUTTEN & GOLDEN LLP

685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: mstewart@outtengolden.com
E-mail: jwasserman@outtengolden.com
*pro hac vice motion forthcoming*

*Attorneys for Plaintiffs and Proposed Class
and Collective Members*

CLASS AND COLLECTIVE ACTION COMPLAINT