Jahan C. Sagafi (SBN 224887)
Molly J. Frandsen (SBN 320094)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: jsagafi@outtengolden.com
E-Mail: mfrandsen@outtengolden.com

Melissa L. Stewart*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-Mail: mstewart@outtengolden.com

*admitted *pro hac vice*

*Attorneys for Plaintiffs and the Proposed Class and Collective Members and Aggrieved Employees*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR KAYED, JESUS PRADO, SPENCER CARR, and ALONZO RIVAS individually and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>ODOO, INC. and ODOO, S.A.,<br><br>Defendants. | Case No. 3:23-cv-03728-LJC<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>**AS MODIFIED**<br><br>Judge: Honorable Judge: Lisa J. Cisneros<br>Courtroom G – 15th Floor<br><br>Hearing Date: July 9, 2024<br>Hearing Time: 10:30 a.m.<br><br>Complaint Filed:  July 27, 2023 |

# ORDER

Plaintiffs Omar Kayed, Jesus Prado, Spencer Carr, and Alonzo Rivas's ("Plaintiffs") Motion for Preliminary Approval of Settlement came before this Court on July 9, 2024 at 10:30 a.m., in Courtroom G-15th Floor before the Honorable Lisa J. Cisneros.  On July 16, 2024, Plaintiffs submitted a Revised Settlement Agreement and Release ("Settlement").  Having considered the papers on the motion, the arguments of counsel, and the law, the Court now enters this Preliminary Approval Order and FINDS, CONCLUDES, and ORDERS as follows[1]:

## I. NATURE OF ACTION

Plaintiffs allege Defendants violated the Fair Labor Standards Act ("FLSA") and California and New York state laws by improperly classifying them and other Sales Representatives as overtime exempt, thereby denying them proper overtime pay and causing other wage and hour violations.

Odoo disputes and denies all of Plaintiffs' claims.  Odoo contends that it has fully complied with all applicable laws at issue in this matter.

## II. CONDITIONAL CERTIFICATION OF CLASS AND COLLECTIVE

For settlement purposes only, the Parties have proposed conditional certification of the following settlement classes and collective:

> "Participating Class Members," which means all Class Members who do not timely submit Opt-Out Statements.  "Class Members" includes (i) "California Class Members" meaning Sales Representatives employed by Odoo in California between October 21, 2018 and the Release Date, and (ii) "New York Class Members" meaning Sales Representatives employed between October 21, 2016 through the Release Date.
>
> Putative Collective Members, defined as Sales Representatives who work or worked for Odoo nationwide except in California or New York between October 21, 2019 and the Release Date, which was previously conditionally certified by the Court, ECF No. 33.

The Court hereby finds and concludes that for purposes of the Settlement only, the settlement classes satisfy all of the requirements for certification under Rule 23(a) and (b)(3) of

---

[1] This Order incorporates by reference the definitions in the Settlement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement.

the Federal Rules of Civil Procedure.

### III.   APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENATIVES

The Court confirms Plaintiffs Omar Kayed, Jesus Prado, Spencer Carr, and Alonzo Rivas as "Class Representatives," and approves Plaintiffs' Counsel Outten & Golden LLP as "Class Counsel" for purposes of the Settlement.

### IV.   PRELIMINARY APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the plan of allocation and the release of claims.  The Court has also read and considered the declaration of Melissa L. Stewart in support of preliminary approval.  Based on review of those papers and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the Parties conducted after Class Counsel adequately investigated Plaintiffs' claims and became familiar with the strengths and weaknesses of the claims.  Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria for preliminary settlement approval.  The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the Class is appropriate.  Accordingly, the Settlement is hereby preliminarily approved.

### V.   APPROVAL OF THE NOTICE PLAN

This Court approves, as to form and content, the Official Notice of Class Action Settlement and Official Notice of Settlement and Opportunity to Join ("Notices") (**Exhibits A-1 & A-2**).  The Court approves the procedure for Class Members to opt out of and to object to the Settlement as set forth in the Settlement Agreement and Class Notice.

The Court directs the dissemination of the Notices by first-class mail, e-mail, and text message, in accordance with the implementation schedule set forth below.  The Court finds the dates selected for the mailing and distribution of Notices, as set forth in the implementation schedule, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

### VI.   APPOINTMENT OF SETTLEMENT ADMINISTRATOR

ILYM Group, Inc. is hereby appointed Settlement Administrator to carry out the duties

set forth in this Preliminary Approval Order and the Settlement.

## VII. IMPLEMENTATION SCHEDULE

The Court orders the following implementation schedule for further proceedings to effectuate and administer the Settlement.

|   |   |   |
|---|---|---|
| a. | Deadline for Defendants to provide Class List to Settlement Administrator | 7 calendar days after Preliminary Approval Order |
| b. | Deadline for Settlement Administrator to disseminate Notices via mail, email, and text message | 21 calendar days after Preliminary Approval Order |
| c. | Deadline for Class Counsel to file Motion for Attorneys' Fees, Costs, and Service Awards | 35 calendar days before exclusion / objection deadline |
| d. | Deadline for Class Members to Postmark Requests for Exclusion | 60 calendar days after Notices sent (or 30 days after remailing) |
| e. | Deadline for Receipt by Court of Objections to Settlement | Date of the Final Approval Hearing |
| f. | Deadline for Class Counsel to file Motion for Final Approval of Settlement | **October 8, 2024** |
| g. | Deadline for Settlement Administrator to file Declaration of Due Diligence | **October 8, 2024** |
| h. | Final Fairness Hearing and Final Approval | Date: **November 12, 2024** Time: **10:30 AM** Courtroom: G-15th Floor |
| i. | Deadline for Defendants to fund Settlement | 14 calendar days after Effective Date |
| j. | Deadline for Settlement Administrator to issue Settlement Checks and Electronic Payments to Participating Class Members, Putative Collective Members, and PAGA Members; issue Service Awards to Plaintiffs, issue the LWDA Payment to the LWDA; and to wire transfer Attorneys' Fees and Costs | 30 calendar days after Funding Date |
| k. | Deadline to cash Settlement Checks (if Settlement is Effective) | 120 calendar days after Settlement Checks sent |

**IT IS SO ORDERED.**

Dated: July 17, 2024

LISA J. CISNEROS
UNITED STATES MAGISTRATE JUDGE