# Exhibit 1

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

Plaintiffs Spencer Carr, Omar Kayed, Jesus Prado, and Alonzo Rivas ("Plaintiffs") and Defendants Odoo, Inc. and Odoo, S.A. (collectively, "Odoo" or "Defendants") (collectively with Plaintiffs, the "Parties") hereby enter into this Settlement Agreement and Release ("Agreement") to resolve the wage and hour claims of Plaintiffs and Class and Collective members (as defined below).

<u>**RECITALS**</u>

**WHEREAS**, on August 25, 2022, Plaintiffs Carr, Kayed and Prado, through counsel, sent Odoo a letter in which they asserted that Odoo improperly classified them and other Sales Representatives (as defined herein) as overtime exempt, thereby denying them proper overtime pay in violation of the Fair Labor Standards Act ("FLSA") and analogous California and New York state laws and other wage and hour violations, and invited Odoo to engage in settlement negotiations;

**WHEREAS**, on or around October 21, 2022, the Parties agreed to engage in dialogue regarding the possibility of a resolution of the threatened wage and hour claims and agreed to toll the limitations period on those claims;

**WHEREAS**, following the exchange of data and documents, the Parties participated in a full-day mediation session on July 14, 2023, with the assistance of experienced wage and hour class and collective action mediator Judge Brian C. Walsh (Ret.), but were not able to reach a pre-suit resolution, and on July 27, 2023, Plaintiffs filed the case in the United States District Court for the Northern District of California, Case No. 23-CV-3728, and the Parties began litigating;

**WHEREAS**, during the litigation, the Parties participated in a full-day mediation session on December 8, 2023, with the assistance of experienced wage and hour class and collective action mediator Louis Marlin, and accepted a revised mediators' proposal on December 29, 2023, with a more detailed term sheet subsequently negotiated and executed on January 22, 2024;

**WHEREAS**, the purpose of this Agreement is to settle fully and finally the wage and hour claims raised by Plaintiffs on behalf of themselves and other Sales Representatives;

**WHEREAS**, Odoo and Released Parties (as defined herein) deny all liability to Plaintiffs and any other Sales Representative;

**WHEREAS**, Plaintiffs' Counsel analyzed and evaluated the merits of Plaintiffs and other Sales Representatives' claims; obtained and reviewed documents relating to Plaintiffs' personnel file and Odoo's policies; analyzed payroll data; and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the claims, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that in the event of a recovery, it would not occur for several years, Plaintiffs'

Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of Plaintiffs and Sales Representatives;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises that are set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the claims on the following terms and conditions:

## 1.     DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1.     **Agreement** or **Settlement** means this Settlement Agreement and Release and the exhibits hereto, which the Parties agree and understand set forth all material terms and conditions of the Settlement between them, and which is subject to Court approval.

1.2.     **Arbitration Workweeks** means Eligible Workweeks worked by Sales Representatives who are covered by an arbitration agreement with Odoo.

1.3.     **Attorneys' Fees and Costs** means such funds as may be ordered by the Court to Plaintiffs' Counsel to compensate them for their attorneys' fees and reimbursement for out-of-pocket costs.

1.4.     **Bar Date** means the date that is sixty (60) Days from the date of the initial mailing of Notice, except for Class Members to whom Notice is re-mailed, for whom the Bar Date shall be the later of sixty (60) Days from the initial mailing or thirty (30) Days from the date of re-mailing, whichever is later, provided that no re-mailings will be completed after the 60th day following the initial mailing.  The Bar Date is the deadline for Class Members' Objections or Opt-out Statements, if any.

1.5.     **California Class Members** means Sales Representatives employed by Odoo in California during the California Class Period.

1.6.     **California Class Period** means October 21, 2018 through the Release Date.

1.7.     **Check Cashing Period** shall mean the one-hundred twenty (120) day period beginning the day the Settlement Administrator sends the Settlement Checks to Participating Class Members, Putative Collective Members and PAGA Members who did not timely elect to receive their Settlement Amount via Electronic Payment.

1.8.     **Class Members** means "California Class Members" and "New York Class Members."

1.9.     **Class List** means a list of all Class Members, Putative Collective Members, and PAGA Members, including their names, last known addresses, last known telephone numbers, last

known personal email addresses, social security numbers, number of Workweeks worked by each Class Member and Putative Collective Member and number of Eligible PAGA Pay Periods worked by each PAGA Member, the basis for its calculation of the Eligible Workweeks and Eligible PAGA Pay Periods, the dates and locations of employment with Odoo as Sales Representatives, and whether Odoo's records reflect that the individual signed an arbitration agreement.

**1.10.** **Collective Period** means October 21, 2019 through the Release Date.

**1.11.** **Court** means the United States District Court for the Northern District of California.

**1.12.** **Days** means calendar days.

**1.13.** **Defendants** or **Odoo** means Odoo, Inc. and Odoo, S.A.

**1.14.** **Defendants' Counsel** means Cozen O'Connor.

**1.15.** **Effective Date** means the date on which the Final Approval Order becomes a non-appealable order.

**1.16.** **Electronic Payment** means the payment issued to each Participating Class Member, Participating Collective Member, and PAGA Member that elects on the settlement administration website maintained by the Settlement Administrator to receive payment of their Settlement Amount and PAGA Settlement Amount through electronic means and electronically agrees to the release of claims language set forth in Section 10. Such election shall be made prior to the entry of the Final Approval Order. For PAGA Members who are also Participating Class Members, the Settlement Amount and PAGA Settlement Amount will be combined in one payment.

**1.17.** **Eligible Workweek** means each calendar week worked by a Sales Representative during the Collective Period and/or Class Period, but does not include any full weeks that an employee spent on a leave of absence.

**1.18.** **Eligible PAGA Pay Period** means each pay period during which Defendants employed a PAGA Member during the relevant PAGA Period.

**1.19.** **Employer Payroll Taxes** means all taxes and withholdings an employer is required to make pursuant to federal, state, and/or local law arising out of or based upon the payment of employment compensation in this Action, including but not limited to FICA, FUTA, and SUTA obligations.

**1.20.** **Fairness Hearing** means the hearing before the Court relating to the Motion for Final

Approval.

1.21.  **Final Approval Order** means the Order entered by the Court after the Fairness Hearing, certifying the Class and Collective, approving the terms and conditions of this Agreement, and authorizing distribution of the Electronic Payments and Settlement Checks Service Awards, and Attorneys' Fees and Costs, consistent with this Agreement.

1.22.  **Funding Date** means fourteen (14) Days after the Effective Date.

1.23.  **Litigation** means the case *Kayed et. al. v. Odoo Inc., et. al.*, filed in the United Stated United States District Court for the Northern District of California.

1.24.  **LWDA Payment** means seventy-five percent (75%) of the PAGA Fund, or One Hundred and Twelve Thousand Five Hundred Dollars ($112,500.00), which shall be paid to the California Labor and Workforce Development Agency.

1.25.  **Motion for Final Approval** means documents and materials to be filed with the Court pursuant to Section 7, seeking final approval of the settlement, Attorneys' Fees and Costs, and Service Awards.

1.26.  **Net Fund** means the remainder of the Total Settlement Amount after deductions/payments for: (1) Court-approved Attorneys' Fees and Costs; (2) Court-approved Service Awards; (3) the PAGA Fund; and (4) settlement administration costs.

1.27.  **New York Class Members** means Sales Representatives employed by Odoo in New York during the New York Class Period.

1.28.  **New York Class Period** means October 21, 2016 through the Release Date.

1.29.  **Notice** means the Court-approved Notice of Proposed Class Action Settlement (for Class Members) and Notice of Proposed Collective Action Settlement (for Putative Collective Members), as authorized in the Preliminary Approval Order, in a form substantially similar to **Exhibit A.**

1.30.  **Objection** means the written statement that an individual Class Member submits to object to the Settlement.

1.31.  **Objector** means a Class Member who properly files an Objection to the Settlement and does not include any Class Member who opts-out of this Settlement.

1.32.  **Operative Complaint** means the Second Amended Complaint.

1.33. **Opt-Out Statement** is a written, signed statement that an individual Class Member submits to opt out and be excluded from this Settlement.

1.34. **PAGA Fund** means One Hundred and Fifty Thousand Dollars ($150,000.00) of the Total Settlement Amount that is attributed to settle fully and finally the PAGA claims of PAGA Members.

1.35. **PAGA Members** means Sales Representatives employed by Odoo in California during the PAGA Period.

1.36. **PAGA Payment** means twenty-five percent (25%) of the PAGA Fund, or Thirty-Seven Thousand Five Hundred ($37,500), which shall be paid to PAGA Members.

1.37. **PAGA Period** means October 21, 2021 through the Release Date.

1.38. **PAGA Settlement Amount** means each PAGA Member's share of the PAGA Payment calculated in accordance with this Agreement.

1.39. **Participating Class Members** means all Class Members who do not timely submit Opt-Out Statements before the Bar Date.

1.40. **Participating Collective Members** means each Putative Collective Member who opts-in to the settlement by either (a) electing Electronic Payment prior to entry of the Final Approval Order or (b) endorsing and cashing a Settlement Check within the Check Cashing Period.

1.41. **Parties** means Plaintiffs and Defendants.

1.42. **Plaintiffs** means Spencer Carr, Omar Kayed, Jesus Prado, and Alonzo Rivas.

1.43. **Plaintiffs' Counsel** means Outten & Golden, LLP.

1.44. **Preliminary Approval Order** means the Order entered by the Court: (1) preliminarily certifying the Class solely for the purpose of effectuating the Agreement; (2) conditionally certifying the Collective pursuant to 29 U.S.C. § 216(b) solely for the purpose of effectuating the Agreement; (3) preliminarily approving the terms and conditions of this Agreement; (4) appointing Plaintiffs' Counsel as Class Counsel; (5) directing the manner and timing of providing Notice to Class Members, Putative Collective Members, and PAGA Members; and (6) setting dates to effectuate the terms of this Agreement, including the date of the Fairness Hearing.

1.45. **Preliminary Approval Date** means the date on which the Court enters the Preliminary

Approval Order.

1.46. **Preliminary Approval Motion** means documents and materials to be filed with the Court seeking preliminary approval of this Agreement and the issuance of the Preliminary Approval Order.

1.47. **Putative Collective Members** means Sales Representatives who worked for Defendants nationwide except in California or New York during the Collective Period.

1.48. **Qualified Settlement Fund or QSF** means the account established by the Settlement Administrator for the Total Settlement Amount paid by Defendants.

1.49. **Release Date** means either: (i) the earlier of March 7, 2024 or the date of preliminary approval of the settlement by the Court; or (ii) if Odoo elects, the date corresponding to the accrual of 40,565.8 Eligible Workweeks, provided that such date is earlier than both March 7, 2024 and the date of preliminary approval of the settlement.

1.50. **Released California Claims** means any and all California wage and hour claims pled in the Operative Complaint, or that could have been pled based on the facts alleged in the Operative Complaint, and that accrued during employment as an exempt-classified Sales Representative, relating back to October 21, 2018, and continuing through the Release Date, including, without limitations, all claims for unpaid overtime wages, claims related to wage statements, untimely payment of wages, and unreimbursed expenses, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses.

1.51. **Released Class Claims** means Released California Claims and Released New York Claims.

1.52. **Released Collective Claims** means the wage and hour claims pled in the Operative Complaint, or that could have been pled based on the facts alleged in the Operative Complaint, and that accrued during employment as an exempt-classified Sales Representative, relating back to October 21, 2019, and continuing through the Release Date, including, without limitations, all state and federal claims for unpaid overtime wages and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses.

1.53. **Released New York Claims** means any and all New York wage and hour claims pled in the Operative Complaint, or that could have been pled based on the facts alleged in the Operative Complaint, and that accrued during employment as an exempt-classified Sales Representative, relating back to October 21, 2016, and continuing through the Release Date, including, without limitations, all claims for unpaid overtime wages, claims related to wage statements and wage notices, and related claims for penalties, interest, liquidated

damages, attorneys' fees, costs, and expenses.

1.54. **Released PAGA Claims** means any and all claims relating to penalties under California's Private Attorney General Act ("PAGA") pled in the Operative Complaint and PAGA Notice Letter, or that could have been pled based on the facts alleged in the Operative Complaint and PAGA Notice Letter, and that accrued during employment as an exempt-classified Sales Representative, relating back to October 21, 2021 and continuing through the Release Date.

1.55. **Released Parties** means Defendants, their respective affiliates, subsidiaries, predecessors, successors, and all other related entities, including but not limited to all of their incumbent and former officers, directors, owners, members, managers, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns, and representatives, in their individual and/or representative capacities.

1.56. **Reminder** means the Court-approved reminder to be sent by the Settlement Administrator to Participating Class Members, Putative Collective Members, and PAGA Members who have not received Electronic Payment and who have not cashed their Settlement Checks, reminding them to cash their Settlement Checks in a form substantially similar to **Exhibit B**.

1.57. **Service Awards** means the Court-approved awards to be paid to Plaintiffs of up to Fifteen Thousand Dollars ($15,000.00) each to Plaintiffs Carr, Kayed and Prado; and of up to Ten Thousand Dollars ($10,000.00) to Plaintiff Rivas in recognition for their service as class representatives.

1.58. **Settlement Amount** means each Participating Class and Putative Collective Member's share of the Net Fund calculated in accordance with this Agreement.

1.59. **Settlement Check** means the check issued to each Participating Class Member, Putative Collective Member for their Settlement Amount and to PAGA Members for their PAGA Settlement Amount (other than those Participating Class Members and Participating Collective Members who elect Electronic Payment prior to entry of the Final Approval Order).  For PAGA Members who are also Participating Class Members, the Settlement Amount and PAGA Settlement Amount will be combined in one check.

1.60. **Sales Representative** means individuals employed by Odoo in the exempt-classified job titles of Account Executives, Account Managers, Channel Account Managers, Partner Recruiters, Sales Specialists, and Customer Success Managers.

1.61. **Total Settlement Amount** means Four Million Five Hundred Thousand dollars ($4,500,000.00), which is the total amount that Defendants have agreed to pay to fully resolve these claims, subject to Section 9.1(b), and which includes Court-approved

Attorneys' Fees and Costs; Court-approved Service Awards; all interest; all liquidated damages; the PAGA Fund; and settlement administration costs. The Total Settlement Amount does not include Employer Payroll Taxes, which Defendants shall pay separately.

**1.62.** **Work Dates** means each Sales Representative's first and last date of employment as a Sales Representative based on Odoo's records.

## 2.     MOTION FOR PRELIMARY SETTLEMENT APPROVAL

**2.1.** **Preliminary Approval.** Plaintiffs' Counsel shall submit the Preliminary Approval Motion to the Court within Seven (7) Days of the date this Agreement is fully executed. The Motion shall include: (1) the proposed Notice attached hereto as **Exhibit A**; (2) a proposed Preliminary Approval Order; and (3) the necessary documents, memorandum, affidavits, and exhibits for purposes of certifying the Class and Collective under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for settlement purposes only and preliminarily approving the Agreement. The Motion will seek a date for the Fairness Hearing before the Court at the earliest practicable date.

## 3.     SETTLEMENT ADMINISTRATION AND NOTICE TO CLASS AND PUTATIVE COLLECTIVE MEMBERS

**3.1.** The Settlement Administrator will be ILYM, or such Settlement Administrator which may be agreed upon by the Parties and approved by the Court.

**3.2.** **Settlement Administration Costs.** The Settlement Administrator's costs and expenses, not to exceed $16,750, shall be paid from the Total Settlement Amount

**3.3.** **Duties of the Settlement Administrator.** The Settlement Administrator will be responsible for: (1) establishing a QSF account; (2) preparing, printing, and disseminating the Notice via First Class U.S. Mail, email, and text message to Class Members and Putative Collective Members; (3) preparing and upon Defendants' approval, sending Defendants' notices of the settlement to "appropriate federal officials" in the states in which Class Members reside as well as to other state regulators and federal agencies as required by the Class Action Fairness Act of 2005, to be sent within 10 days of filing of the Preliminary Approval Motion; (4) making commercially reasonable searches for new address with no forwarding address, including by tracing any Notices returned undeliverable by mail, email, or text up to two times to obtain a new mailing address, email address, or phone number and resending the Notices, and sending Notice via mail or email to any Class or Putative Collective Member who contacts the Settlement Administrator or Plaintiffs' Counsel and requests a Notice between the initial mailing of the Notice and the Bar Date; (5) maintaining an email address and toll-free phone number which Class and Collective Members can use to make inquiries and provide address updates; (6) preparing, monitoring, and maintaining a website where Class and Collective Members can elect Electronic Payment (and as a condition to such election, electronically agree to the release of claims set for in Section 10 below), review the Settlement Agreement, Notice, contact

information for the Settlement Administrator and Plaintiffs' Counsel, and provide address updates; (7) promptly furnishing to Plaintiffs' Counsel and Defendants' Counsel copies of any Class Members' Objections and Opt-Out Statements that the Settlement Administrator receives; (8) receiving and tracking Class Members' Opt-Out Statements, Objections, and other correspondence; (9) confirming the number of Eligible Workweeks and Eligible PAGA Periods attributable to each Class Member, Collective Member, and PAGA Member; determining the Settlement Amount allocated to each Class and Putative Collective Member, and the PAGA Settlement Amount allocated to each PAGA Member, in accordance with this Agreement, along with the amount of all payroll taxes to be paid and deductions to be withheld, including Odoo's funding obligations for Employer Payroll Taxes; (10) issuing Electronic Payments to those Participating Class Members, Putative Collective Members, and PAGA Members who timely elect Electronic Payment and preparing and mailing Settlement Checks to Participating Class Members, Putative Collective Members and PAGA Members who do not timely elect Electronic Payment; (11) preparing and sending Reminders via mail and email, and text message to Putative Collective Members, Participating Class Members, and PAGA Members who have not yet cashed their Settlement Checks or received Electronic Payment, reminding them to cash their checks; (12) providing a report of uncashed checks to the Parties' counsel half-way through the Check Cashing Period; (13) making commercially reasonable searches for new address with no forwarding address, including by skip-tracing any Settlement Checks returned undeliverable up to two times to obtain a new mailing address and resending the checks; (14) distributing any Court-approved Service Awards and Attorneys' Fees and Costs; (15) calculating and paying all appropriate taxes and complying with all applicable tax reporting obligations, including preparing and filing all applicable tax forms; (16) determining the tax characterization of the Service Awards; (17) working with Class Counsel and Defendants' Counsel to resolve disputes raised by Class Members and Putative Collective Members regarding Odoo's records and/or the calculation of their Settlement Amount pursuant to Section 9.8 below; (18) referring to Plaintiffs' Counsel all inquiries by Class and Collective Members regarding matters not within the Settlement Administrator's duties specified herein; (19) retaining and providing a copy of Settlement Checks endorsed by Participating Class Members and Participating Collective Members to Parties' counsel and, as applicable, retaining and providing a copy to of each Participating Class Members' and Participating Collective Members' election to receive Electronic Payment so that Plaintiffs' Counsel can file the negotiated checks or electronic payment form with the Court; (20) timely responding to communications from the Parties' counsel; (21) maintaining adequate records of its activities, including the dates of the mailing(s) of Notice, returned mail and other communications and attempted written or electronic communications with Class and Collective Members; (22) protecting the personal data of Class and Collective Members, including Social Security numbers, from public disclosure; (23) indemnifying the Parties for any penalty or interest arising out of an incorrect calculation or late deposit of the same; (24) preparing a final accounting of settlement funds remaining in the QSF after the expiration of the Check Cashing Period, and distributing the remaining funds in accordance with this Agreement; (25) preparing and providing a compliance affidavit in connection with the Application for Final Approval; (26) such other tasks as set forth herein, or as the Parties mutually agree, or as otherwise determined by the

Settlement Administrator as necessary in effectuating its duties.

3.4.    **Settlement Administrator Indemnity.** The Settlement Administrator shall indemnify the Parties and counsel regarding any improper handling of its responsibilities, including the handling of any tax-related matters.

3.5.    **Access to the Settlement Administrator.** The Parties will have reasonable access to the Settlement Administrator and all information related to the administration of the Settlement throughout the settlement administration period, but Plaintiffs and their counsel shall not have access to, or be provided with the social security numbers of any Class Members, Putative Collective or PAGA Members, which shall be kept confidential by the Settlement Administrator. The Settlement Administrator will provide regular reports to counsel for the Parties regarding the status of the mailing of the Notice, Settlement Checks, PAGA Settlement Checks, and Reminders and the payment of the Electronic Payments.

3.6.    Defendants agree to cooperate with the Settlement Administrator and to provide accurate information to the extent reasonably available and necessary to calculate the Settlement Amounts to be distributed pursuant to this Agreement and locate Class and Collective Members.

4.    **NOTICE**

4.1.    **Class List.** Within seven (7) Days of the Preliminary Approval Order, Defendants' Counsel shall provide the Settlement Administrator and Plaintiffs' Counsel with the Class List. The Settlement Administrator will verify that it agrees with Defendants' calculation of the Eligible Workweeks, and shall also provide the Parties with those calculations regarding the number of Eligible Workweeks included in the Class List, so that the Parties are able to determine whether Defendants are required to increase the Total Settlement Amount in accordance with Section 9.1(b).

4.2.    **Notice Content.** The Notice will include a description of the claims and this Agreement, the Class or Collective Member's Work Dates and whether Odoo's records reflect that they signed an arbitration agreement, information about how to dispute Odoo's records, the estimated amount of each Class and Putative Collective Member's Settlement Check, and the opportunity (and consequences) of objecting or opting-out (for Class Members) or participating by either electing Electronic Payment or endorsing and cashing a Settlement Check (for Participating Class Members and Putative Collective Members), and/or to appear at the Fairness Hearing, as applicable. The Notice will advise Class and Collective Members of a website where they can review information regarding the settlement and elect Electronic Payment. The Settlement Administrator shall send text message notices that comply with the with the Telephone Consumer Protection Act (TCPA), 47 USC § 227 (or similar state or local laws).

4.3.    **Notice Distribution.** Within twenty-one (21) Days of the Preliminary Approval Date, the Settlement Administrator shall send to all Class and Putative Collective Members the

Court-approved Notice via mail, e-mail, and text message, with a link and/or QR code to the website.

**4.4.    Skip Trace and Remailing.**  The Settlement Administrator shall use all commercially reasonable means to confirm Class and Putative Collective Members' addresses and obtain new addresses, as necessary.  In the event that a Notice is returned as undeliverable, the Settlement Administrator shall attempt to obtain a correct address, including by tracing any Notices returned undeliverable by mail, email, or text up to two times to obtain a new mailing address, email address, or phone number and resending the Notices by mail and/or other relevant means, provided that no remailing takes place after the 30th day after the initial mailing is sent out. The Settlement Administrator shall also mail or email a Notice to any Class or Putative Collective Member who contacts the Settlement Administrator or Plaintiffs' Counsel during the period between the initial mailing of the Notice and the Bar Date and requests a Notice.  In advance of the Fairness Hearing, the Settlement Administrator shall submit a compliance affidavit reflecting completion of these efforts.

## 5.    CLASS MEMBER OPT-OUTS.

**5.1.**    Class Members shall have until the Bar Date to opt-out.

**5.2.    Opt-Out Statement.**  Class Members who choose to opt-out of the Settlement must mail a written, signed Opt-Out Statement to the Settlement Administrator that states that they are opting out of the settlement, and includes their name, address, telephone number, and a statement indicating their intention to opt-out, such as: "I opt out of the Odoo wage and hour settlement." To be effective, the Opt-Out Statement must be post-marked or otherwise received by the Bar Date.

**5.3.**    The Settlement Administrator will stamp the received date on the original of each Opt-Out Statement that it receives and shall serve copies of each Opt-Out Statement on Plaintiffs' Counsel and Defendants' Counsel no later than three (3) Days after receipt.  The Settlement Administrator shall provide all Opt-out Statements as exhibits to its compliance affidavit to be filed with the Motion for Final Approval. The Settlement Administrator will retain the stamped originals of all Opt-Out Statements and the originals of all envelopes accompanying Opt-Out Statements in its files until the Effective Date.

## 6.    OBJECTIONS TO SETTLEMENT

**6.1.**    Participating Class Members shall have until the Bar Date to object.

**6.2.**    Participating Class Members who wish to object to the Settlement at the Fairness Hearing must first do so in writing. To be considered, such Objection must be sent to the Court and post-marked or otherwise received by the Bar Date.  The Objection must include all reasons for objecting to the Settlement or the Agreement, and any supporting documentation.  The Objection must also include the name, address, and telephone number for the Objector. All objections will be scanned into the electronic case docket, and the parties will receive

electronic notices of filings.  Class Members who opt out may not object.

6.3.    An Objector has the right to appear at the Fairness Hearing either on their own behalf or through counsel hired by the Objector.  An Objector who wishes to appear at the Fairness Hearing must state their intention to do so in writing on their Objection at the time they submit their Objection.  An Objector may withdraw their Objection at any time.

6.4.    The Parties may file with the Court written responses to any filed Objections no later than three (3) Days before the Fairness Hearing.

## 7.    FAIRNESS HEARING AND APPLICATION FOR FINAL APPROVAL

7.1.    After the Bar Date, in accordance with the schedule set by the Court in the Preliminary Approval Order and in advance of the Fairness Hearing, Plaintiffs' Counsel shall file supporting documents and materials for final approval of the Settlement ("Motion for Final Approval").  The Motion for Final Approval will include a compliance affidavit from the Settlement Administrator; an application for Attorneys' Fees and Costs and Service Awards; supporting affidavits and documents from Plaintiffs' Counsel regarding the fairness, adequacy, and reasonableness of the Settlement or any aspect related to the Agreement; and a proposed Final Approval Order.

7.2.    At the Fairness Hearing, and through the Motion for Final Approval, the Parties shall request that the Court, among other things: (1) finally certify the Class for purposes of settlement only; (2) approve the Settlement and this Agreement as fair, reasonable, adequate, and binding on all Participating Class Members, Participating Collective Members, and PAGA Members; (3) order the Settlement Administrator to distribute Electronic Payments to Participating Class Members,  Participating Collective Members, and PAGA Members who timely elected Electronic Payment and to distribute Settlement Checks to all other Putative Collective Members, Participating Class Members, and PAGA Members; (4) order Service Awards, Attorneys' Fees and Costs, settlement administration costs, and the LWDA Payment to be paid from the QSF; (5) order dismissal with prejudice of all Released Class Claims, Released Collective Claims, and Released PAGA Claims asserted in the Operative Complaint, as set forth herein; (6) order entry of the Final Approval Order, in accordance with this Agreement; and (7) retain jurisdiction over the interpretation, implementation, and enforcement of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation or enforcement of this Agreement and of the settlement contemplated hereby.

## 8.    TERMINATION OF AGREEMENT

8.1.    **Grounds for Settlement Termination.**  Either Party may terminate the Agreement if the Court declines to enter the Preliminary Approval Order or the Final Approval Order, except if the Court declines to enter the Preliminary Approval Order or the Final Approval Order due solely to the amount of attorneys' fees sought by Plaintiffs' Counsel.  This Agreement is not contingent upon the Court's approval of Plaintiffs' Counsel's application for

attorneys' fees, and if the Court approves the settlement payments allocated to Class Members as set forth in this Agreement, but not the application for attorneys' fees, the Agreement may not be terminated.

**8.2.    Procedures for Termination.**  To terminate this Agreement pursuant to Section 8.1, the terminating Party shall give written notice to the other Party via email and overnight mail within two (2) Court Days of the Court's declining to enter the Preliminary Approval Order or Final Approval Order.

**8.3.    Effect of Termination.**  Termination shall have the following effects:

**a.**    The Agreement shall be terminated as to the affected Parties and shall have no force or effect.

**b.**    Defendants shall have no obligation to make any payments to any party, Class or Collective Member, or Plaintiffs' Counsel, except that Defendants shall be responsible for (i) the costs and fees associated with the Settlement Administrator subsequent to the signing of this Agreement, and (ii) the costs and expenses of the Settlement Administrator associated with the mailing of the termination notice to Class and Putative Collective Members, informing them of the settlement termination, if any.

**c.**    If the Court grants Preliminary Approval, but not Final Approval, the Settlement Administrator will provide a Court-approved notice to Participating Class Members and Putative Collective Members that the Agreement did not receive Final Approval, and that, as a result, no payments will be made to Participating Class members or Putative Collective Members under the Agreement. Such notice shall be sent by the Settlement Administrator via email and First-Class U.S. Mail.

**d.**    The Parties may jointly or individually seek reconsideration of a ruling by the Court declining to enter the Preliminary Approval Order or Final Approval Order in the form submitted by the Parties, or seek approval of a renegotiated settlement.

**e.**    Litigation will resume as if not settlement had been attempted and the Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in prior to the entering of this Agreement, including that Court-ordered tolling will remain in effect, *see* ECF No. 33.  All Parties retain all arguments, including that Defendants retain the right to contest whether the claims should be maintained as a class or collective action, and to contest the merits of the claims being asserted.  If the Court has entered the Preliminary Approval Order, the Preliminary Approval Order shall be null and void, and the case may be certified only if Plaintiffs is granted class or collective certification after full briefing on a motion for such certification, or if the Parties agree otherwise.

## 9.    SETTLEMENT TERMS

### 9.1.    Settlement Amount

**a.**    **Total Settlement Amount.** Defendants agree to pay a Total Settlement Amount of Four Million Five Hundred Thousand dollars ($4,500,000.00), subject to the Escalator Clause set forth in Section 9.1(b).

**b.**    **Escalator.**  This settlement is intended to cover no more than 36,878 workweeks. Should the total number of workweeks increase by more than 10% (more than 40,565.8 total workweeks), Odoo will have option to either increase the Total Settlement Amount by a proportionate additional amount for each additional workweek beyond  40,565.8 or, if the 10% increase occurs before the earlier of March 7, 2024 or the date of the Preliminary Approval Order, Odoo may elect to shorten the Release Date to the date corresponding to the accrual of 40,565.8 workweeks instead of paying more for each additional workweek beyond that threshold.

**c.**    **Funding Date.** Defendants shall pay the Total Settlement Amount into the Qualified Settlement Fund established by the Settlement Administrator on or before the Funding Date.

### 9.2.    Unclaimed Funds.

**a.**    **Class Members Who Do Not Participate.**  The Settlement Amounts allocated to Class Members who submit Opt-Out Statements, if any, will become part of the Net Fund to be distributed to Putative Collective Members and Participating Class Members.

**b.**    **Participating Class Members and Putative Collective Members.**  Any check not cashed after Cash Checking Period shall be deposited in the Participating Class Member, Putative Collective Member, or PAGA Member's name as unclaimed property under applicable state procedure for unclaimed property.

### 9.3.    Attorneys' Fees and Costs.

**a.**    At the Fairness Hearing and through the Motion for Final Approval, Plaintiffs' Counsel will petition the Court for an Order of attorneys' fees of up to one-third of the Total Settlement Amount, or $1,500,000.00, plus reimbursement of their reasonable out-of-pocket costs, not to exceed $30,000.00, to be paid from the QSF. Defendants will not oppose this application, including request for reconsideration if the application is denied or modified by the Court.

**b.**    The substance of Plaintiffs' Counsel's application for Attorneys' Fees and Costs is to be considered separately from the Court's consideration of the fairness,

reasonableness, adequacy, and good faith of the Agreement. The outcome of any proceeding related to Plaintiffs' Counsel's application for fees and expenses shall not terminate this Agreement or otherwise affect the Court's ruling on the Application for Final Approval. Any amount not approved by the Court will become part of the Net Fund to be distributed to Putative Collective Members and Participating Class Members.

**9.4.    Service Awards.**

    **a.**    In consideration of the services rendered to the Class and Collective, Plaintiffs will apply to the Court to receive up to Fifteen Thousand Dollars ($15,000.00) each to Plaintiffs Carr, Kayed and Prado; and of up to Ten Thousand Dollars ($10,000.00) to Plaintiff Rivas, as Service Awards from the Total Settlement Amount.

    **b.**    The application for Service Awards is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Agreement. The outcome of the Court's ruling on the application for Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval, Final Approval Order, or the fairness or reasonableness of this Agreement. Defendants will not oppose Plaintiffs' application for Service Awards. Any amount not approved by the Court will become part of the Net Fund to be distributed to Putative Collective Members and Participating Class Members.

    **c.**    A general release as set forth in Section 10.4 will be executed by Plaintiffs in consideration for receiving and accepting the Service Award.

**9.5.    PAGA Fund and PAGA Payments.** One Hundred and Fifty Thousand Dollars ($150,000.00) of the Total Settlement Amount shall be allocated for the PAGA Fund, of which $112,500.00 shall be allocated for the LWDA Payment and $37,500 shall be allocated for the PAGA Payment and paid to PAGA Members, pursuant to the allocation formulas as set forth below in Section 9.7.

**9.6.    Class and Collective Members' Payments.**

    **a.**    Allocation to Class and Putative Collective Members.

        **1.**    Class and Putative Collective Members will receive 1 point for each Arbitration Workweek during the applicable class or collective period;

        **2.**    Class and Putative Collective Members will receive 1.5 points for each Eligible Workweek during the Class Period that is not an Arbitration Workweek.

    **b.**    To calculate each Class and Collective Member's initial proportionate share:

      **1.**       Add all points for all Class and Putative Collective Members together to obtain the "Denominator";

      **2.**       Divide the number of points for each Class and Collective Member by the Denominator to obtain each Class and Collective Member's "Portion of the Net Settlement Fund";

      **3.**       Multiply each Class and Collective Member's Portion of the Net Settlement Fund by the sum of the Net Fund to determine each Class and Collective Member's initial Settlement Amount;

      **4.**       For each Class and Collective Member, their Settlement Amount will be the amount of their Electronic Payment (if timely elected) or Settlement Check, except that PAGA Members will also be entitled to an additional PAGA Settlement Amount.

**9.7.**   **Allocation to PAGA Members.** PAGA Members' estimated proportionate share of the PAGA Payment shall be determined by the Settlement Administrator pursuant to the following formula:

    **a.**     PAGA Members will receive one (1) point for each Eligible PAGA Pay Period;

    **b.**     To calculate each PAGA Member's proportionate share of the PAGA Payment:

      **a.**     Add all points for all PAGA Members together to obtain the "Denominator";

      **b.**     Divide the number of points for each PAGA Member by the Denominator to obtain each PAGA Member's "Portion of the PAGA Payment";

      **c.**     Multiply each PAGA Member's Portion of the PAGA Payment by the PAGA Fund to determine each PAGA Member's PAGA Settlement Amount;

      **d.**     Each PAGA Member will receive a separate PAGA Settlement Amount in addition to the amount that they are entitled to recover as a Class Member.

**9.8.**   **Settlement Amount Disputes.** The calculation of Eligible Workweeks and Arbitration Workweeks shall be confirmed by the Settlement Administrator based on Defendants' Eligible Workweek calculations in accordance with this Agreement. The Notice shall advise Class and Putative Collective Members of their Work Dates, Eligible Workweeks, and whether Odoo's records reflect that they signed an arbitration agreement. If a Class or Putative Collective Member disputes Odoo's records and/or the calculation of their

Settlement Payment, they must provide written documentation supporting they contention to the Settlement Administrator. Odoo's records are presumed to be correct unless the Class or Putative Collective Member proves otherwise with documentary evidence. The Settlement Administrator will evaluate the information that the Class or Collective Member provides and will make the final decision as to any dispute.

**9.9.    Timing of Payments.** Within Thirty (30) Days after the Funding Date, the Settlement Administrator will issue Electronic Payments to Participating Class Members, Participating Collective Members, and PAGA Members who timely elected the Electronic Payment and mail Settlement Checks to Participating Class Members, Putative Collective Members, and PAGA Members, the Service Award to Plaintiffs, and the LWDA Payment to the LWDA, and will wire Court-approved Attorneys' Fees and Costs to Plaintiffs' Counsel.

**9.10.    Cashing Period.**

**a.**    Participating Class Members, Putative Collective Members, and PAGA Members who did not timely elect the Electronic Payment option and who will therefore receive Settlement Checks will have one-hundred twenty (120) Days from the date that Settlement Checks are mailed by the Settlement Administrator to cash, deposit, or otherwise negotiate their checks.

**b.**    **Reminders.** The Parties agree they will use robust efforts to ensure that Settlement Checks are received by Participating Class Members, Putative Collective Members, and PAGA Members, including the Settlement Administrator's use of mail, email, text message, and other efforts deemed prudent by the Settlement Administrator, for robust contact attempts and multiple reminders to timely cash checks prior to the 120-day deadline. The Settlement Administrator will send reminders Forty-five (45) after the issuance of checks via mail, e-mail, and text message to Putative Collective Members, Participating Class Members, and PAGA Members who have not yet cashed their Settlement Checks or received electronic payment, reminding them to cash their checks. After ninety (90) Days from the issuance of the checks, the Settlement Administrator shall provide a report of any uncashed checks to the Parties' counsel, and Plaintiffs' Counsel and/or the Settlement Administrator will make reasonable efforts to contact Putative Collective Members, Participating Class Members, and PAGA Members who have not yet cashed their Settlement Checks. The settlement administrator will take all reasonable steps to obtain the correct contact information for any Class Members and Putative Collective Members for whom the check is returned as undeliverable and shall attempt a re-mailing to any Class Member and Putative Collective Members for whom it obtains more recent contact information.

**9.11.    Tax Characterization and Defendants' Payroll Tax Responsibility.**

**a.**    For Participating Class Members and Participating Collective Members, the

Settlement Administrator shall allocate 1/3 (33.33%) of the payment as W-2 wage payments and 2/3 (66.67%) of the payment as 1099 non-wage compensation as liquidated damages, statutory penalties, and interest.

b.     For PAGA Members, the Settlement Administrator shall allocate 100% of the payment as 1099 non-wage compensation as statutory penalties.

c.     Payments treated as W-2 wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and Social Security number on an IRS Form W-2. Payments treated as liquidated damages, statutory penalties, and interest shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099. The Settlement Administrator shall be responsible for determining the appropriate number of exemptions to be used in calculating payroll tax and withholding, deciding the appropriate tax rate, issuing the Electronic Payments, Settlement Checks and Service Awards and issuing IRS Forms W-2 and Form 1099. Payments of Attorneys' Fees and Costs shall be made without withholding and shall be reported to the IRS and to Plaintiffs' Counsel on an IRS Form 1099. Payment of the Service Awards will be reported as deemed appropriate by the Settlement Administrator.

d.     The employee portion of all applicable income taxes for the wage payments and any tax responsibility for the non-wage payments will be the sole responsibility of the individual Participating Class Member and Participating Collective Member.

e.     Defendants and the Settlement Administrator shall exchange such information as is necessary for the Settlement Administrator to make proper tax withholdings and comply with its tax reporting obligations.

## 10.    RELEASE OF CLAIMS

**10.1.    Collective Release.** Each Putative Collective Member or Participating Class Member who opts-in to the Settlement by either electing Electronic Payment or cashing or otherwise negotiating their Settlement Check during the Check Cashing Period shall, as a result of electing Electronic Payment or cashing or otherwise negotiating their Settlement Check during the Check Cashing Period, release and discharge the Released Parties from the Released Collective Claims as follows:

a.     Each Putative Collective Member or Participating Class Member who timely elects to receive their Settlement Amount via Electronic Payment shall, as part

of such election, electronically opt-in to the Settlement and agree to release and discharge the Released Parties from the Released Collective Claims. To facilitate this opt-in and release of claims, the Settlement Administrator's website shall display the release of claims language below and shall require that each Settlement Class Member electronically agree to such language as part of electing the Electronic Payment option. To receive Electronic Payment, the Settlement Class Member must, prior to entry of the Final Approval Order, elect to receive their Settlement Amount via Electronic Payment and electronically agree to the release of claims language below.

**RELEASE OF CLAIMS:**

By electing to receive my Settlement Amount via Electronic Payment, I (i) consent, agree, and opt in to be a party plaintiff in the case entitled *Kayed et. al. v. Odoo, Inc. et. al*, Case No. 3:23-cv-03728-LJC pending in the United States District Court of the Northern District of California and to the jurisdiction of the assigned Magistrate Judge in that case, (ii) designate Outten & Golden LLP to represent me for all purposes in the Litigation, and to make decisions on by behalf, along with Plaintiffs, concerning the Litigation, (iii) agree to be bound by the settlement negotiated and approved in the Litigation, and (iv) forever and fully release the Released Parties from the Released Collective Claims.

b.      Each Putative Collective Member and Participating Class Member who does not timely elect to receive their Settlement Amount via Electronic Payment will receive a Settlement Check, and those who cash or otherwise negotiate their Settlement Check during the Check Cashing Period will, by virtue of cashing or otherwise negotiating their Settlement Check, opt-in to the Settlement and release and discharge the Released Parties from the Released Collective Claims. To facilitate this opt-in and release of claims, all such Settlement Checks shall contain, on the back of the check, the following "back of the check" release:

By signing and/or cashing this check, I (i) consent, agree, and opt in to be a party plaintiff in the case entitled *Kayed et. al. v. Odoo, Inc. et. al*, Case No. 3:23-cv-03728-LJC pending in the United States District Court of the Northern District of California and to the jurisdiction of the assigned Magistrate Judge in that case, (ii) designate Outten & Golden LLP to represent me for all purposes in the Litigation, and to make decisions on by behalf, along with Plaintiffs, concerning the Litigation, (iii) agree to be bound by the settlement negotiated and approved in the Litigation, and (iv) forever and fully release the Released Parties from the Released Collective Claims.

**10.2.   Class Release.** By operation of the entry of the Final Approval Order except as to rights or claims as may be created by this Agreement, each Participating Class Member forever and fully releases the Released Parties from the Released Class Claims. All Settlement Checks to Participating Class Members shall also contain, on the back of the check, a limited

endorsement substantially similar to the release for Participating Collective Members, as set forth in Section 10.1. Additionally, each Participating Class Member who cashes or otherwise negotiates a Settlement Check shall release the Released Parties from the Released Collective Claims.

**10.3.    PAGA Release.** By operation of the entry of the Final Approval Order, except as to rights or claims as may be created by this Agreement, each PAGA Member forever and fully releases the Released Parties from the Released PAGA Claims.

**10.4.    Release by Plaintiffs.**

    **a.**    In the event the Court approves and Plaintiffs receive and accept a Service Award, they will each additionally waive, release, and discharge Released Parties from all demands, claims and actions, whether known or unknown, relating to their employment or the termination of his employment with Defendants, including but not limited to claims under the Americans With Disabilities Act, Fair Labor Standards Act (including but not limited to claims for overtime compensation), Equal Pay Act, Title VII of the Civil Rights Act of 1964, Civil Rights Acts of 1866, 1871 and 1991, Family and Medical Leave Act, Age Discrimination in Employment Act, and any other federal, state or local statute, regulation, and order, and in common law, through the date they sign this Agreement; provided, however, that Plaintiffs do not waive the right to file a charge or complaint with any administrative agency, but do waive any right to recover or receive any damages or other personal relief based on any demand, claim or action waived in this Paragraph brought on their own behalf or by any third party, including as a member of any collective or class action. Plaintiffs do not release any claim or right that cannot be released as a matter of law. As a material term of this Agreement, Plaintiffs further agree that as of the Effective Date of this Agreement, all of their rights under Section 1542 of the Civil Code of the State of California (or similar state statute) are waived as to any claims against Releasees. Section 1542 provides as follows: **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.**

## 11.    PARTIES' AUTHORITY

**11.1.**    The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

## 12.    MUTUAL COOPERATION

**12.1.**    The Parties agree to reasonably cooperate with each other and to take all steps necessary and appropriate to obtain the Court's approval of this Agreement and all of its terms and

to effectuate the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement.  The Parties to this Agreement shall use their commercially reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein.

## 13.    NO ADMISSION OF LIABILITY

**13.1.**    Defendants deny all of the allegations made by Plaintiffs and deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted herein.  Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle these claims on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of litigation.  Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants, nor as an admission that a class or collective should be certified for any purpose other than settlement purposes.

## 14.    INTERPRETATION AND ENFORCEMENT/MISCELLANEOUS TERMS

**14.1.**    **No Assignment.**  Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in their claims, or any related action, and any attempt to do so shall be of no force or effect.

**14.2.**    **Entire Agreement.**  This Agreement (including its Exhibits) constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**14.3.**    **Binding Effect**.  This Agreement shall be binding upon the Parties.

**14.4.**    **Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**14.5.**    **Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**14.6.**    **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to

be, and shall not be, construed against any party by virtue of draftsmanship.

14.7. **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of California, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

14.8. **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

14.9. **Waivers, etc. to Be in Writing.** No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification, or amendment, with any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

14.10. **When Agreement Becomes Effective; Counterparts**. This Agreement shall become effective upon its full execution by the Parties. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

14.11. **Facsimile, Electronic, and Email Signatures.** Any Party may execute this Agreement by signing, including by electronic means, and transmitting that signature page via facsimile, email, or electronic signature technology to counsel for the other party. Any signature made and transmitted by facsimile, email, or electronic signature technology for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile, email, or electronic signature technology.

14.12. **Signatories.** This Agreement is valid and binding if signed by Defendants' authorized representatives and Plaintiffs.

**WE AGREE TO THESE TERMS.**

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS]**

By:‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

     Spencer Carr

Dated:‾04/29/2024‾, 2024


By:‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

     Omar Kayed

Dated:‾‾‾‾‾‾‾‾‾‾‾, 2024


By:‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

     Jesus Prado

Dated:‾‾‾‾‾‾‾‾‾‾‾, 2024


By:‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

     Alonzo Rivas

Dated:‾‾‾‾‾‾‾‾‾‾‾, 2024


By:‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

     Odoo, Inc.

     By its ‾‾‾‾‾‾‾‾‾‾‾

Dated: ‾‾‾‾‾‾‾‾‾‾‾, 2024


By:‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

     Odoo, S.A.

     By its ‾‾‾‾‾‾‾‾‾‾‾

Dated: ‾‾‾‾‾‾‾‾‾‾‾, 2024

By:_____
     Spencer Carr

Dated:_____, 2024

By:_____
     Omar Kayed

Dated:___04/26/2024___,2024

By:_____
     Jesus Prado

Dated:_____, 2024

By:_____
     Alonzo Rivas

Dated:_____, 2024

By:_____
     Odoo, Inc.

     By its _____

Dated: _____, 2024

By:_____
     Odoo, S.A.

     By its _____

Dated: _____, 2024

By:_____
      Spencer Carr

Dated:_____, 2024

By:_____
      Omar Kayed

Dated:_____, 2024

By:_____
      Jesus Prado

Dated:___04/30/2024___, 2024

By:_____
      Alonzo Rivas

Dated:_____, 2024

By:_____
      Odoo, Inc.

      By its _____

Dated: _____, 2024

By:_____
      Odoo, S.A.

      By its _____

Dated: _____, 2024

By:_____
　　　Spencer Carr

Dated:_____, 2024

By:_____
　　　Omar Kayed

Dated:_____, 2024

By:_____
　　　Jesus Prado

Dated:_____, 2024

By:_____
　　　Alonzo Rivas

Dated: 04/29/2024 , 2024

By:_____
　　　Odoo, Inc.

　　　By its _____

Dated: _____, 2024

By:_____
　　　Odoo, S.A.

　　　By its _____

Dated: _____, 2024

By:_____
          Spencer Carr

Dated:_____, 2024




By:_____
          Omar Kayed

Dated:_____, 2024




By:_____
          Jesus Prado

Dated:_____, 2024




By:_____
          Alonzo Rivas

Dated:_____, 2024


By:_ Fabrice Henrion _____
          Odoo, Inc.

      By its _ Director _____

Dated: _ May 14 _____, 2024



By:_ Fabien Pinckaers _____
          Odoo, S.A.

      By its _ CEO _____

Dated: _ May 14 _____, 2024

1.  **<u>EXHIBIT A-1 (CLASS NOTICE)</u>**

## <u>OFFICIAL NOTICE OF CLASS ACTION SETTLEMENT</u>

[NAME]
[ADDRESS]
[CITY, STATE ZIP]

**If you worked for Odoo in California or New York as an exempt salesperson you may be entitled to a payment from a class action lawsuit settlement**.

*A Court authorized this notice.  This is not a solicitation from a lawyer*.

- You have received this Notice because Odoo's records show that you were employed as a covered Sales Representative in the State of California between October 21, 2018 and [the Release Date], and/or in the State of New York between October 21, 2016 and [the Release Date].

- Former Odoo employees filed a lawsuit against Odoo alleging that it misclassified them and other similarly situated employees as "exempt" from overtime and failed to pay overtime premium compensation for all hours worked over 40 in a workweek and/or over eight hours in a workday, and other related claims.

- Odoo denies these allegations and claims. The Court has not made any ruling on the merits of any of these claims.  The Parties have entered into a settlement in order to avoid the inconvenience and expense of further disputes and litigation.

- Your potential settlement payment is estimated to be approximately $[**AMOUNT**], subject to deductions for applicable taxes and withholdings.

**Your legal rights may be affected by this settlement, and you have a choice to make:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING NOW AND GET A PAYMENT** | If you do nothing, you will release the Released Class Claims and will be sent a settlement check of approximately $[**AMOUNT**], subject to applicable taxes and withholdings.  If you would prefer to receive your settlement payment electronically, you can elect to do so by visiting this website: [EMAIL VERSION: www.[website].com] / [MAILED VERSION: www.[website].com AND QR CODE]. <br><br> By electing the electronic payment option or by cashing or otherwise negotiating the settlement check, you will also release the additional Released Collective Claims which are discussed in Section 10 below. <br><br> Even if you do not elect the electronic payment option or cash or otherwise negotiate the settlement check, you will have released the Released Class Claims, but you will **not** release the Released Collective Claims. |

1

| | |
|---|---|
| **EXCLUDE YOURSELF ("OPT-OUT")** | If you do not want to participate in the settlement and want to retain your right to sue Odoo for unpaid wages and related claims under California law, you must submit a written, signed Opt-Out Statement to the Settlement Administrator, as discussed in Section 11 below.<br><br>If you submit an Opt-Out Statement, you will **not** be eligible to receive a settlement payment or object to the settlement, but will receive the PAGA payment discussed in Section 19 below, if you are eligible for that payment. |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. More information about objecting is set forth in Section 15 below. If you submit an Opt-Out Statement, you may **not** object to the Settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in greater detail in this Notice.

- The Court must still approve the settlement. Settlement payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this Notice?

The Court ordered that you be sent this Notice because you have a right to know about a proposed class and collective action settlement, and about all of your options, before the Court decides whether to approve the settlement. This Notice explains the case, your legal rights, and what benefits are available.

The Honorable Lisa J. Cisneros, United States Magistrate Judge in the Northern District of California, is overseeing the litigation. The litigation is known as *Kayed et. al. v. Odoo, Inc, et. al.*, Case No. 3:23-cv-03728-LJC.

### 2. Who is covered by this settlement?

Individuals who were employed by Odoo as a covered Sales Representative either in the State of California between October 21, 2018 and [the Release Date], and/or in the State of New York between October 21, 2016 and [the Release Date] are considered "Class Members."

For purposes of this settlement, a "Sales Representative" is any individual employed by Odoo in the exempt-classified job titles of Account Executives, Account Managers, Channel Account Managers, Partner Recruiters, Sales Specialists, and Customer Success Managers.

### 3. What is the case about?

The case is about whether Odoo "misclassified" Sales Representatives as exempt from federal and state overtime protections. The case also alleges a failure to: (i) reimburse for business expenses, (ii) timely pay wages upon separation from employment, and (iii) provide timely, accurate, and itemized wage statements. Additionally, the case alleges claims pursuant to California Unfair

Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* and the Private Attorneys General Act, Cal. Lab. Code. §§ 2698, *et seq.* The case also alleges that Odoo violated New York law by failing to provide accurate wage statements and wage notices.

Odoo denies all of these allegations and believes that the Sales Representatives were properly classified and received all wages and payments to which they were entitled. The Court has not made any ruling on the merits of the claims, and no party has prevailed in this action.

### 4. Why is this a class/collective action?

In a class action, one or more people called "class representatives" bring claims on behalf of other people who have similar claims. The people are called "class members" and together are the "class." Similarly, in a collective action, one or more people can seek to represent a "collective" of similarly situated people. The individuals who initiated a class/collective action are called the "Plaintiffs." In a class/collective action, the Plaintiffs ask the court to resolve the issues for every member of the class and collective.

### 5. Why is there a settlement?

The Court has not decided in favor of Plaintiffs or Odoo, and has not decided whether the case may proceed as a class action outside of the settlement context. Both sides believe they will prevail in litigation, but there has been no decision in favor of either party. Instead, the Parties have agreed to resolve this matter solely to avoid the burden, expense, delay, and risks associated with litigation. Plaintiffs and Class Counsel think the settlement is in the best interests of all Class Members.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. What does the settlement provide?

Under the settlement, Odoo has agreed to pay: (1) settlement awards to individual Participating Class Members and Participating Collective Members; (2) attorneys' fees of up to one-third of the Total Settlement Amount plus reimbursement of actual litigation expenses and costs up to $30,000.00; (3) Service Awards of up to a total of $55,000 to the four Named Plaintiffs; (4) $150,000 to resolve claims under California's Private Attorneys General Act (PAGA), $112,500 will be paid to the California Labor and Workforce Development Agency and $37,500 to individual PAGA Members; and (5) the Settlement Administrator's fees and costs up to $16,750. The Total Settlement Amount is $4,500,000.

**7.  How much will my settlement payment be and how was it calculated?**

Your settlement payment is estimated to be $**[AMOUNT]**, one third of which is subject to payroll deductions for applicable taxes and withholdings like a paycheck, for which you will receive a Form W-2, and two thirds of which is not subject to deductions and will be reported on a Form 1099.  Neither Class Counsel nor Odoo's counsel can advise you regarding the tax consequences of the settlement.  You may wish to consult with your own personal tax advisor in connection with the settlement.

The formula that has been approved by the Court to calculate your settlement payment is based on the number of weeks you worked and whether Odoo's records show that you signed an arbitration agreement.  The Settlement Agreement contains the exact allocation formula.  You may obtain a copy of the Settlement Agreement at www.[website].com or by contacting Class Counsel using the information in Section 21 below.

The Settlement Administrator received information from Odoo's records to calculate your payment.  Odoo's records indicate that you worked for the company as a Sales Representative from <<Start Date>> to <<End Date.>> Please note that your settlement payment will only cover weeks worked, excluding any full weeks spent on a leave of absence between October 21, 2016 and [insert Release Date] for time worked in New York, and between October 21, 2018 and [insert Release Date] for time worked in California. Odoo's records indicates that you [did/did not] sign an arbitration agreement.

If you have questions about your calculation, you may contact the Settlement Administrator at [insert number] or using the information in Section 11 below.  If you want to dispute Odoo's records and/or the calculation of your settlement payment, you must notify the settlement administrator and provide written documentation supporting your contention.  Odoo's records are presumed correct unless you prove otherwise with documentary evidence.  The Settlement Administrator will evaluate any information you provide and will make the final decision as to any dispute.

# HOW YOU GET A PAYMENT

**8.  How can I get my payment?**

**If you wish to participate in the Settlement and receive payment, you do not need to take any action.**  If the Court grants final approval of the settlement, you will receive a settlement payment of $**[AMOUNT]** by mail.

If you would like to receive your payment electronically, you may elect to do so by going to this website to select your payment option: [EMAIL VERSION: www.[website].com] / [MAILED VERSION: www.[website].com AND QR CODE]. If your mailing address has changed, please contact the Settlement Administrator or update your address online at the same website.

**9.  When will I get my settlement payment?**

The Court will hold a hearing on _____, at _____ to determine final approval for the settlement. This date may change without further notice to class members. Please check [settlement website] to confirm that the date has not changed. If the Court grants final approval, and the approval order is not appealed, settlement checks and electronic payments are anticipated to be distributed approximately two and a half months after the Court grants final approval. Please be patient and update the Settlement Administrator if your mailing address changes.

You will have 120 days after the issuance of the settlement check to cash the check before it becomes null and void.

## 10. What am I giving up by releasing my claims?

If you do not exclude yourself (opt-out) from the settlement (as described in Section 11 below), you will release the Released Class Claims. This means that you cannot sue, continue to sue, or be part of any other legal action against Odoo asserting any and all California and/or New York wage and hour claims pled in the operative Complaint, or that could have been pled based on the facts alleged in the operative Complaint, and that accrued during your employment as an exempt-classified Sales Representative, relating back to October 21, 2018 for California and back to October 21, 2016 for New York, and continuing through [insert Release Date], including, without limitations, all claims for unpaid overtime wages, claims related to wage statements and wage notices, untimely payment of wages, and unreimbursed expenses, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses.

Additionally, if you elect to receive your settlement payment via electronic payment or you cash or otherwise negotiate your settlement check, you will release the Released Collective Claims. This means that you cannot sue, continue to sue, or be part of any other legal action against Odoo asserting the wage and hour claims pled in the operative Complaint, or that could have been pled based on the facts alleged in the operative Complaint, and that accrued during your employment as an exempt-classified Sales Representative, relating back to October 21, 2019, and continuing through [insert Release Date], including, without limitations, all state and federal claims for unpaid overtime wages and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to release your claims, then you must take steps to do so. This is referred to as "opting out" of the settlement or "excluding yourself" from the settlement.

## 11. How do I opt out of the settlement?

To exclude yourself from the settlement, you **must** submit a written Opt-out Statement to the Settlement Administrator, stating: (i) your name, address, and telephone number; and (ii) a statement indicating your intent to exclude yourself from the settlement, such as "I opt out of the Odoo wage and hour settlement." The Opt-out Statement must be postmarked by or otherwise received by the Settlement Administrator on or before [INSERT DATE 60 DAYS FROM NOTICE MAILING OR 60 DAYS FROM REMAILING].

If you submit an Opt-out Statement, you will **not** receive a payment. You will retain the right to bring your own legal action against Odoo. You should be aware that your claims are subject to a statute of limitations, which means that they will expire on a certain date.

If you ask to be excluded, you cannot object to the settlement.

To opt-out of the settlement, mail an Opt-out Statement to the Settlement Administrator at:

**[SETTLEMENT ADMINISTRATOR CONTACT]**

Your objection must be postmarked by or otherwise received on or before **[INSERT DATE 60 DAYS FROM NOTICE MAILING OR 60 DAYS FROM REMAILING]**.

### 12. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not be eligible to receive a payment.

# THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has decided that the lawyers at the law firm of Outten & Golden LLP are qualified to represent you and all class members. These lawyers are called "Class Counsel." You will not be charged separately for these lawyers; their fees are being covered by the settlement fund. You do not need to retain your own attorney in order to participate as a Class Member. If you do not opt out of the class and want to be represented by your own lawyer, you may hire one at your own expense. The contact information for Class Counsel is in Section 21 below.

### 14. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to one-third of the Total Settlement Amount for their attorneys' fees. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment for up to $30,000.00 for the out-of-pocket costs they incurred litigating the case.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 15. How do I tell the Court that I disapprove of the settlement?

If you have not submitted an Opt-out Statement, you can ask the Court to deny approval by filing an objection, or you can object to any portion of the settlement which you disapprove. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must (a) clearly identify the case name and number *Kayed, et. al. v. Odoo, Inc, et. al.*, Case No. 3:23-cv-03728-LJC), (b) include all of the following: (i) all reasons for objecting to the settlement, and any supporting documentation; and (ii) your name, address, and telephone number, (c) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, [insert appropriate Court location here], and (d) be filed or postmarked on or before _____.

## 16.  What's the difference between objecting and opting out?

Objecting is telling the Court that you do not like something about the settlement and asking the Court not to approve the settlement as is.  You can object only if you stay in the Class.

Opting out (also known as excluding yourself) is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.  If you submit both an objection and an Opt-out Statement, the Settlement Administrator will attempt to contact you to determine whether you intended to object or exclude yourself.  If the Settlement Administrator cannot reach you, it will be presumed that you intended to exclude yourself, and your objection will not be considered.

# THE COURT'S FAIRNESS HEARING

## 17.  When and where will the Court decide whether to approve the settlement?

The Court will hold the Fairness Hearing on _____ at _____.  This date may change without further notice to class members. Please check [settlement website] to confirm that the date has not changed.

At the hearing, the Court will determine whether the settlement is fair, adequate, and reasonable and will consider any properly submitted objections.  Please contact Class Counsel using the contact information provided in Section 21 below if you have any questions about the Fairness Hearing.

## 18.  Do I have to attend the fairness hearing?

No.  Class Counsel will attend to answer questions the Court may have.  But, you are welcome to attend the hearing at your own expense; if you wish to do so, please contact Class Counsel.  If you send an objection, you do not have to attend.  As long as you have not excluded yourself and have

mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 19. PAGA Member Additional Payment |
|---|

The lawsuit also included a California Private Attorneys General Act ("PAGA") claim brought on behalf of the State of California that sought civil penalties from Odoo for the overtime and other violations that Plaintiffs alleged.

As part of the settlement of the PAGA claim, Odoo agreed to pay $150,000.00, which will be distributed according to PAGA's requirement that 75% (or $112,500.00) be distributed to the California Labor Workforce Development Agency and the remaining 25% (or $37,500.00) be paid to PAGA Members.

If you work or worked for Odoo as a Sales Representative in California from October 21, 2021 through [insert Release Date] ("PAGA Period"), you are a "PAGA Member."

If you are a PAGA Member, and if the Court approves the PAGA settlement, you will release the Released PAGA Claims and will be precluded from bringing any and all claims relating to penalties under PAGA that accrued during your employment as an exempt-classified Sales Representative during the PAGA Period, and will receive a portion of the PAGA settlement amount. This means that you cannot sue, continue to sue, or be part of any other legal action against Odoo asserting claims relating to penalties under California's PAGA pled in the operative Complaint and PAGA Notice Letter, or that could have been pled based on the facts alleged in the operative Complaint and PAGA Notice Letter, and that accrued during employment as an exempt-classified Sales Representative, relating back to October 21, 2021 and continuing through [insert Release Date].

Your individual PAGA settlement payment will be determined by your proportional share of the $37,500.00 based on the number of pay periods you worked between October 21, 2021 and [insert Release Date].

Even if you choose to opt out of the California settlement, you will still release the Released PAGA Claims and be sent a check for your portion of the PAGA settlement. If you choose not to cash your PAGA settlement check, the check amount will revert to the California unclaimed property fund.

# GETTING MORE INFORMATION

| 20. Are there more details about the settlement? |
|---|

This Notice summarizes the proposed settlement. For the precise terms of the settlement, please see the Settlement Agreement available at www.[website].com, by contacting Class Counsel using the contact information in Section 21 below or the Settlement Administrator using the contact information in Section 11 above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United

States District Court for the Northern District of California, 450 Golden Gate Ave, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

| **21. How do I get more information?** |
|---|

If you have other questions about the settlement or want more information, you can contact the Settlement Administrator, or Class Counsel at:

Melissa L. Stewart
OUTTEN & GOLDEN LLP
695 Third Avenue, 25th Floor
New York, NY 10017
Telephone: [insert number]
Odoo@outtengolden.com

Molly J. Frandsen
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: [insert number]
Odoo@outtengolden.com


DATED: _____, 20__

## PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

**EXHIBIT A-2 (COLLECTIVE NOTICE)**

## <u>OFFICIAL NOTICE OF SETTLEMENT AND OPPORTUNITY TO JOIN</u>

[NAME]
[ADDRESS]
[CITY, STATE ZIP]

**If you worked for Odoo as an exempt salesperson you may be entitled to a payment from a collective action settlement**.

*A Court authorized this notice.  This is not a solicitation from a lawyer.*

- You have received this Notice because Odoo's records  show that you were employed by Odoo as a covered Sales Representative in the United States, except in California or New York, between October 21, 2019 and [the Release Date].  If believe you were employed by Odoo in California or New York, please contact the Settlement Administrator at [insert email].

- Former Odoo employees filed an action against Odoo, alleging that it misclassified them and other similarly situated employees as "exempt" from overtime and failed to pay overtime premium compensation for all hours worked over 40 in a workweek.

- Odoo denies these allegations and claims.  The Court has not made any ruling on the merits of these claims.   The Parties have entered into a settlement in order to avoid the inconvenience and expense of further disputes and litigation. .

- Your potential settlement payment is estimated to be approximately $[AMOUNT], subject to deductions for applicable taxes and withholdings.

**Your legal rights may be affected by this settlement, and you have a choice to make:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING NOW**<br><br>**GET A PAYMENT LATER** | You do not have to do anything to receive a settlement check.  If you do nothing, you will be sent a settlement check of approximately $[AMOUNT], subject to applicable taxes and withholdings.  If you would prefer to receive your settlement payment electronically, you can elect to do so by visiting this website: [EMAIL VERSION: www.[website].com] / [MAILED VERSION: www.[website].com AND QR CODE].<br><br>If you elect the electronic payment option or you endorse and deposit the settlement check, you will release the Released Collective Claims which are discussed in Section 10 below. |

| DO NOTHING NOW<br><br>DO NOT CASH A SETTLEMENT CHECK LATER | If you do not wish to be bound by the settlement, you should not sign or attempt to cash or deposit the settlement check.  You will retain your right to file your own legal action against Odoo, should you choose. |
| --- | --- |

- These rights and options – **and the deadlines to exercise them** – are explained in greater detail in this Notice.

- The Court must still approve the settlement.  Settlement payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

| 1. Why did I get this notice? |
| --- |

The Court ordered that you be sent this Notice because you have a right to know about the settlement of a collective action in which you are eligible to participate, and about all of your options.  This Notice explains the case, the settlement, your legal rights, and what benefits are available.

The Honorable Lisa J. Cisneros, United States Magistrate Judge in the Northern District of California, is overseeing the litigation.  The litigation is known as *Kayed et. al. v. Odoo, Inc, et. al.*, Case No. 3:23-cv-03728-LJC.

| 2. Who is  covered by this settlement? |
| --- |

Individuals who were employed by Odoo as a covered Sales Representative in a state other than California or New York between October 21, 2019 and [insert Release Date], and are considered "Putative Collective Members." If you believe you were employed by Odoo in California or New York, please contact the Settlement Administrator using the information in Section 7.

For purposes of this settlement, a "Sales Representative" is any  individual employed by Odoo in the exempt-classified job titles of Account Executives, Account Managers, Channel Account Managers, Partner Recruiters, Sales Specialists, and Customer Success Managers.

| 3. What is the case about? |
| --- |

The  case is about whether Odoo "misclassified" Sales Representatives as exempt from federal and state overtime protections and failed to pay proper overtime wages, reimburse expenses, and provide proper wage statements and wage notices.

Odoo denies all of these allegations and believes that the Sales Representatives were properly classified and received all wages and payments to which they were entitled. The Court has not made any ruling on the merits of the claims, and no party has prevailed in this action.

### 4. Why is this a collective action?

In a "collective action," one or more persons called the "Named Plaintiffs" sue on behalf of people who have similar claims. However, the other employees who have similar claims do not become part of the collective action until they "opt in" to the lawsuit. You may "opt in" to and participate in the settlement by cashing or endorsing a settlement check, or electing Electronic Payment, which the Settlement Administrator will distribute to you if the settlement is finally approved by the Court.

### 5. Why is there a settlement?

The Court has not decided in favor of Plaintiffs or Odoo, and has not decided whether the case may proceed as a collective action outside of the settlement context. Both sides believe they will prevail in litigation, but there has been no decision in favor of either party. Instead, the Parties have agreed to resolve this matter solely in order to avoid the burden, expense, delay, and risks associated with continued litigation.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. What does the settlement provide?

Under the settlement, Odoo has agreed to pay: (1) settlement awards to individual Participating Class Members and Participating Collective Members; (2) attorneys' fees of up to one-third of the Total Settlement Amount plus reimbursement of actual litigation expenses and costs up to $30,000.00; (3) Service Awards of up to a total of $55,000 to the four Named Plaintiffs; (4) $150,000 to resolve claims under California's Private Attorneys General Act (PAGA), $112,500 will be paid to the California Labor and Workforce Development Agency and $37,500 to individual PAGA Members; and (5) the Settlement Administrator's fees and costs up to $16,750. The Total Settlement Amount is $4,500,000.

### 7. How much will my settlement payment be and how was it calculated?

Your settlement payment is estimated to be $[AMOUNT], one third of which is subject to payroll deductions for applicable taxes and withholdings like a paycheck, for which you will receive a Form W-2, and two thirds of which is not subject to deductions and will be reported on a Form 1099. Neither Class Counsel nor Odoo's counsel can advise you regarding the tax consequences of the settlement. You may wish to consult with your own personal tax advisor in connection with the settlement.

The formula that has been approved by the Court to calculate your settlement payment is based on the number of weeks you worked and whether Odoo's records show that you signed an arbitration agreement . The Settlement Agreement contains the exact allocation formula. You

may obtain a copy of the Settlement Agreement at www.[website].com or by contacting Class Counsel using the information in Section 16 below.

The Settlement Administrator received information from Odoo's records to calculate your payment. Odoo's records indicate that you worked for the company as a Sales Representative in a state other than California or New York from <<Start Date>> to <<End Date.>> Please note that your settlement payment will only cover weeks worked, excluding any full weeks spent on a leave of absence, between October 21, 2019 and [insert Release Date]. Odoo's records indicates that you [did/did not] sign an arbitration agreement.

If you have questions about your calculation, you may contact the Settlement Administrator using the information below. If you want to dispute Odoo's records and/or the calculation of your settlement payment, you must notify the settlement administrator and provide written documentation supporting your contention. Odoo's records are presumed correct unless you prove otherwise with documentary evidence. The Settlement Administrator will evaluate any information you provide and will make the final decision as to any dispute.

[INSERT Settlement Administrator Contact Information]

## HOW YOU GET A PAYMENT

### 8.  How can I get my payment?

**If you wish to participate in the Settlement, and receive payment you do not need to take any action**. If the Court grants final approval of the settlement, you will receive a settlement payment of $**[AMOUNT]** by mail.

If you would like to receive your payment electronically, you may elect to do so by going to this website to select your payment option: [EMAIL VERSION: www.[website].com] / [MAILED VERSION: www.[website].com AND QR CODE]. If your mailing address has changed, please contact the Settlement Administrator or update your address online at the same website.

### 9.  When will I get my settlement payment?

The Court will hold a hearing on _____, at _____ to determine final approval for the settlement. This date may change without further notice to class members. Please check [settlement website] to confirm that the date has not changed. If the Court grants final approval, and the approval order is not appealed, settlement checks and electronic payments are anticipated to be issued approximately two and a half months after the Court grants final approval. Please be patient and update the Settlement Administrator if your mailing address changes.

You will have 120 days after the issuance of the settlement check to cash the check before it becomes null and void.

### 10.  What am I giving up by releasing my claims?

If you elect to receive your settlement payment via electronic payment or you cash or otherwise negotiate your settlement check, you will release the Released Collective Claims.  This means that you cannot sue, continue to sue, or be part of any other legal action against Odoo asserting the wage and hour claims pled in the operative Complaint, or that could have been pled based on the facts alleged in the operative Complaint, and that accrued during your employment as an exempt-classified Sales Representative, relating back to October 21, 2019, and continuing through [insert Release Date], including, without limitations, all state and federal claims for unpaid overtime wages and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses.

# THE LAWYERS REPRESENTING YOU

## 11.  Do I have a lawyer in this case?

The law firm of Outten & Golden LLP has been designated as legal counsel to represent you and other Sales Representatives who participate in the settlement.  You will not be charged separately for these lawyers; their fees are being covered by the settlement fund.  The contact information for Class Counsel is in Section 16 below.

## 12.  How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to one-third of the Total Settlement Amount for their attorneys' fees.  These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  Class Counsel will also ask the Court to approve payment for up to $30,000.00 for the out-of-pocket costs they incurred litigating the case.

# THE COURT'S FAIRNESS HEARING

## 13.  When and where will the Court decide whether to approve the Settlement?

The Court will hold the Fairness Hearing on _____ at _____ .  This date may change without further notice to class members. Please check [settlement website] to confirm that the date has not changed.

At the hearing, the Court will determine whether the settlement is fair, adequate, and reasonable and will consider any properly submitted objections.  Please contact Class Counsel using the contact information provided in Section 16 below if you have any questions about the Fairness Hearing.

## 14.  Do I have to attend the fairness hearing?

No.  Class Counsel will attend to answer questions the Court may have.  But, you are welcome to at your own expense.

# GETTING MORE INFORMATION

| 15.  Are there more details about the settlement? |
|---|

This Notice summarizes the proposed settlement.  For the precise terms of the settlement, please see the Settlement Agreement available at www.[website].com, by contacting Class Counsel using the contact information in Section 16 below or the Settlement Administrator using the contact information in Section 7 above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

| 16.  How do I get more information? |
|---|

If you have other questions about the settlement or want more information, you can contact the Settlement Administrator, or Class Counsel at:

Melissa L. Stewart
OUTTEN & GOLDEN LLP
695 Third Avenue, 25th Floor
New York, NY 10017
Telephone: [insert number]
Odoo@outtengolden.com

Molly J. Frandsen
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: [insert number]
Odoo@outtengolden.com

DATED: _____, 20__

## PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

**<u>EXHIBIT A-3  (TEXT MESSAGE NOTICE)</u>**

## <u>TEXT MESSAGE NOTICE</u>

From the Settlement Administrator: You are receiving this message because you worked for Odoo and Odoo's records show that you are eligible to receive a payment from a class and collective action settlement.  A more detailed explanation of your rights and options, and the deadlines to exercise them, is available at www.[website].com.  For more information, you may contact the Settlement Administrator at [insert number], or [insert email], or you may contact your Court-appointed attorneys Outten & Golden, LLP at [insert number], or Odoo@outtengolden.com and mention the Odoo Overtime Settlement. Reply *STOP* to prevent further notifications.

<u>**EXHIBIT B (CHECK CASHING REMINDER NOTICE)**</u>

## IMPORTANT REMINDER REGARDING
## ODOO SETTLEMENT

Recently you should have received a check from the settlement of a class and collective action against Odoo.  As of the date of this mailing, our records indicate that you have not cashed the check that was sent to you.

**IMPORTANT DEADLINE: you must sign and cash or deposit your check on or before [INSERT DATE 120 DAYS FROM INITIAL MAILING]**.

If you have any questions about the case or your legal rights, please contact Molly Frandsen at Outten & Golden LLP at [insert number] or Odoo@outtengolden.com