Jahan C. Sagafi (SBN 224887)
Molly J. Frandsen (SBN 320094)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: jsagafi@outtengolden.com
E-Mail: mfrandsen@outtengolden.com

Melissa L. Stewart*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-Mail: mstewart@outtengolden.com

*admitted *pro hac vice*

*Attorneys for Plaintiffs and the Proposed Class and Collective Members and Aggrieved Employees*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR KAYED, JESUS PRADO, SPENCER CARR, and ALONZO RIVAS individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ODOO, INC. and ODOO, S.A.,<br><br>Defendants. | Case No. 3:23-cv-03728-LJC<br><br>[~~PROPOSED~~] FINAL APPROVAL ORDER AND JUDGMENT<br><br>Judge: Honorable Lisa J. Cisneros<br>Courtroom G – 15th Floor<br><br>Hearing Date: November 12, 2024<br>Hearing Time: 10:30 AM<br><br>Complaint Filed: July 27, 2023 |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

Plaintiffs Omar Kayed, Jesus Prado, Spencer Carr, and Alonzo Rivas's ("Plaintiffs") Motion for Preliminary Approval of Settlement came before this Court on November 12, 2024 at 10:30 a.m., in Courtroom G-15th Floor before the Honorable Lisa J. Cisneros. Having considered the papers on the motion, the arguments of counsel, and the law,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. **Definitions.** This Order and Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used but not defined herein shall have the same meaning as in the Settlement Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members, and venue in this Court is proper.

3. **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for settlement purposes only, the following Settlement Class:

> "Class Members," which includes (i) "California Class Members" meaning Sales Representatives employed by Odoo in California between October 21, 2018 and March 7, 2024, and (ii) "New York Class Members" meaning Sales Representatives employed between October 21, 2016 and March 7, 2024.

> "Putative Collective Members," defined as Sales Representatives who work or worked for Odoo nationwide except in California or New York between October 21, 2019 and March 7, 2024, which was previously conditionally certified by the Court, ECF No. 33.

Pursuant to the Addendum to the Settlement Agreement, the Settlement Class is the 599 Sales Representatives reflected in the class list maintained by the settlement administrator as of November 12, 2024. The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in that, in the settlement context: (1) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (2) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; (4) the Class Representatives will fairly and

1. adequately represent and protect the interests of the Settlement Class Members because their interests are co-extensive with those of the Settlement Class Members, and they have retained experienced counsel to represent them and the Settlement Class Members; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. **Designation of Class Representatives and Class Counsel.** The Court confirms the prior appointments of the Class Representatives as representatives for the Settlement Class and Class Counsel as counsel for the Settlement Class in this Action.

5. **Settlement Approval**

Pursuant to Federal Rule of Civil Procedure Rule 23, the Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable and adequate. The Court further finds that the Settlement is the result of good-faith, arm's-length negotiations between experienced counsel representing the interests of the Parties. For the same reasons, the Court grants final approval of the FLSA settlement.

Pursuant to California Labor Code § 2699(s)(2), the Court also approves the PAGA settlement.

The Settlement is fair, reasonable and adequate on all Class Members, Participating Collective Members, and PAGA Members. Accordingly, the Settlement is hereby finally approved in all respects, the settlement is binding on all Class Members, Participating Collective Members, and PAGA Members, there is no just reason for delay, and the Parties are directed to perform its terms.

6. **Releases.** The Releases set forth in Sections 10.1-10.4 of the Settlement Agreement, together with the definitions in Sections 1.50-1.52 relating thereto, are expressly incorporated herein in all respects and made effective as of the date of this Order and Judgment. By entry of this Order, Class Members forever and fully release the Released Parties from the Released Class Claims, PAGA Members forever and fully release the Released Parties from the Released PAGA Claims. Class Members who cash a Settlement Check or who elect Electronic Payment shall release the Released Parties from the Released Collective Claims. As of the Effective Date, Plaintiffs fully release the Released Parties from claims as described in Section

10.4.   The Released Class Claims, Released Collective Claims, and Released PAGA Claims are dismissed with prejudice.

7.   **Approval of Class Notice.**  The Court finds that the form and means of disseminating notice to the Settlement Class as provided for in the Order Preliminarily Approving Settlement constituted the best notice practicable under the circumstances and was directed to Settlement Class Members in accordance with the Court's Order Preliminarily Approving Settlement.  The notice provided due and adequate notice of these proceedings to all Settlement Class Members entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23 and of constitutional due process.

8.   **Class Action Fairness Act Notice.**  Odoo has provided notification regarding the Settlement through the Settlement Administrator to all appropriate federal and state officials as required by 28 U.S.C. § 1715.

9.   **Attorneys' Fees and Expenses.**  Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $1,500,000, and an award of costs in the amount of $26,358.72.  The Court has considered this application separately from the Motion for Final Approval of the Settlement.  The Court finds that an award of $1,500,000 in attorneys' fees and $26,358.72 in costs is fair and reasonable, and the Court approves of Class Counsel's attorneys' fees and costs in these amounts.

10.   **Class Representative Service Awards.**  The Court further finds that service awards for Plaintiffs Omar Kayed, Jesus Prado, Spencer Carr in the amount of $15,000 each and a service award in the amount of $10,000 for Plaintiff Alonzo Rivas is fair and reasonable, and the Court approves of the service awards in this amount.  The Court directs the Settlement Administrator to disburse the service awards to Plaintiffs Omar Kayed, Jesus Prado, Spencer Carr, and Alonzo Rivas as provided in the Settlement Agreement.

11.   **Settlement Administration Costs.**  The Settlement Administrator, ILYM Group, shall be awarded $16,750 for its reasonable fees and expenses incurred in the administration of the Settlement.

12.   **Dismissal with Prejudice.**  The Court hereby dismisses this Action and the

Released Class Claims, Released Collective Claims, and Released PAGA Claims with prejudice as to Plaintiffs and all Settlement Class Members.

13. **Continuing Jurisdiction.** Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing jurisdiction over the implementation, administration, enforcement and interpretation of the Settlement Agreement and this Order and Judgment as well as any and all matters arising out of, or related to, the interpretation or implementation or enforcement of the Settlement.

14. **Implementation of the Settlement Agreement.** The Parties are hereby authorized and directed to implement the terms of the Settlement Agreement. On or before the Funding Date, Odoo shall pay the Total Settlement Amount into the Qualified Settlement Fund. The Settlement Administrator shall disburse all payments from the Qualified Settlement Fund as set forth in the Agreement, including the Service Awards, Attorneys' Fees and Costs, and settlement administration costs. The Settlement Administrator shall disburse Electronic Payments to Class Members, Participating Collective Members, and PAGA Members who timely elected Electronic Payment and shall distribute Settlement Checks to all other Putative Collective Members, Participating Class Members, and PAGA Members.

15. **Entry of Final Judgment.** The Court finds that there is no just reason for delay and directs immediate entry of this Order and Judgment by the Clerk of the Court.

16. **Post-Distribution Accounting.** Within 21 days after the settlement checks become stale, the parties shall file a Post-Distribution Accounting, pursuant to the District's Procedural Guidance for Class Action Settlements, and post it on the settlement website.

**IT IS SO ORDERED.**

Dated: December 12, 2024

_____
The Honorable Lisa J. Cisneros
United States District Judge